# COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

July 27, 2005

BY ECF

The Honorable Mark J. Wolf
United States District Court
 for the District of Massachusetts
1 Courthouse Way
Boston, MA  02210

    Re:  *Kawa v. Verizon Communications Inc., No. 04-CV-11952 MLW*

Dear Judge Wolf:

  On behalf of Defendant, Verizon Communications Inc., I respectfully submit the following in response to the Court's April 19, 2005 scheduling order requiring counsel to report by July 29, 2005 on: (1) the prospects for settlement of this litigation; and (2) whether there is a proper basis for this litigation to be resolved through summary judgment.

I.  **Prospects for Settlement of Plaintiff's Claim**

  Plaintiff's complaint seeks damages in the amount of $73,753. As indicated in Verizon's April 26, 2005 letter to the Court, Plaintiff had previously indicated a willingness to settle this case for $27,500. On July 26, 2005, I conferred via telephone with Plaintiff's counsel, who reaffirmed Plaintiff's willingness to settle for that amount.

  I have discussed Plaintiff's renewed offer, and the general merits of settlement, with Verizon's authorized representative. After consideration, Verizon has again decided not to accept Plaintiff's settlement offer. In making this decision, Verizon rests on two specific premises. First, Verizon believes that it will prevail on the merits of Plaintiff's ERISA claim. Second, Verizon is concerned about the effect of settlement both on its administration of its pension plans, and on the potential for other plaintiffs to bring similar claims in the hope of increasing their pension benefits through a negotiated settlement.

  I have communicated and explained Verizon's position regarding settlement to Plaintiff's counsel.

COVINGTON & BURLING

The Honorable Mark J. Wolf
July 27, 2005
Page 2

## II. Prospects for Resolution of Plaintiff's Claim Through Summary Judgment

I have also discussed with Plaintiff's counsel the possibility of resolving this case through summary judgment. At this point, Verizon believes that it has a proper basis for filing a motion seeking summary judgment on Plaintiff's ERISA claim. Plaintiff's counsel indicated that he would likely file a cross-motion in the event that Verizon seeks summary judgement.

Summary judgment is proper where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The ERISA plan at issue in this case, the Verizon Pension Plan for New York and New England Associates, grants discretionary authority to the Plan Administrator to interpret and construe the plan. Therefore, Plaintiff's claim is reviewed under the deferential arbitrary and capricious standard. See Cook v. Liberty Life Assur. Co., 320 F.3d 11, 18-19 (1st Cir. 2003). Arbitrary and capricious review of ERISA benefits claim denials is generally limited to the administrative record considered during the Plan's internal claims review process. See generally Orndorf, 404 F.3d 510, 519-20 (1st Cir. 2005). In the context of claims for benefits under ERISA plans, the First Circuit recently held that "[w]here review is properly confined to the administrative record before the ERISA plan administrator . . . there are no disputed issues of fact for the court to resolve." Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 518 (1st Cir. 2005).

I have reviewed the facts of this case with Plaintiff's counsel, and the parties appear to be in agreement that there is no dispute regarding the facts material to this litigation. Plaintiff's ERISA claim challenges Verizon's calculation of the amount the pension benefit to which Plaintiff is entitled as the beneficiary of his deceased spouse. Resolution of Plaintiff's claim focuses on the Plan Administrator's determination of Plaintiff's spouse's employment status at the time of her death. Stated simply, if Verizon's determination was not arbitrary and capricious based on the record before the Plan Administrator, Plaintiff's claim must fail.

For these foregoing reasons, Verizon believes that this litigation can be resolved through summary judgment.

Respectfully submitted,

/s/ Frederick G. Sandstrom
Frederick G. Sandstrom

*Attorney for Verizon
Communications Inc.*

cc: Lorraine P. Grande, Esq.
    Gaetano J. DeLuca, Esq.