UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 CV 11952 MLW

PHILLIP A. KAWA,           )
                           )
       Plaintiff           )
                           )
   v.                      )
                           )
VERIZON COMMUNICATIONS,    )
                           )
       Defendant           )

PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

In support of his Motion for Summary Judgment, the plaintiff, Phillip A. Kawa, respectfully submits his Memorandum of Law.

I.  FACTUAL BACKGROUND

The plaintiff, Phillip A. Kawa ("KAWA"), is a resident of Weymouth, Massachusetts, Norfolk County. The defendant, Verizon Communications ("VERIZON"), is a National Corporation and maintains offices in Boston, Massachusetts, New York City, New York, Coppell, Texas. The plaintiff, Phillip A. Kawa, was and is the beneficiary of Pension Plan of Theresa A. Kawa. Mrs. Kawa passed on February 23, 2003. (Exhibits A & B).

In 2001 – 2002, Theresa A. Kawa became ill. In November, 2002 she underwent a bone marrow transplant. Because of her illness she was required to take a medical leave from her employment at Verizon. Mrs. Kawa first began to work for Verizon in September, 1973. (Exhibit C).

Through the years of her employment with Verizon, Mrs. Kawa always maintained a pension plan with Verizon. This pension plan was established pursuant to 29 U.S.C.A. Section 1001, et seq., ("ERISA"). (Exhibit F).

Mrs. Kawa passed away on February 23, 2003. At the time of her passing, the value of her pension was $210,724.00. (Affid. of Phillip Kawa).

Prior to her passing and because Ms. Kawa realized that she not return to work with Verizon, on February 10, 2003, Ms. Kawa decided to retire from Verizon. Accordingly, on February 10, 2003, Ms. Kawa exercised her right to retire as of February 10, 2003 from her Verizon employment. Ms. Kawa did this by utilizing the computerized "Hewitt System.' (Exhibit G, & H, Affid. of Phillip Kawa).

When Ms. Kawa opted to retire, she did so that her retireme would become effective immediately and so that she could collect the entire amount of her $210,724.00 Pension. (Affi of Phillip Kawa).

In this regard, she chose the option in the Hewitt System that said, "Retire Now." (Exhibits G & H).

It is important to note that there is nothing in the Verizon Pension Handbook, or the law, which allowed Verizon to wait until May, 2003 for Mrs. Kawa's Retirement to become effective. In fact, shortly after Ms. Kawa passed away (On February 23, 2003), Verizon distributed 65% of Mrs. Kawa's Pension to her husband, Phillip. Exhibits I & K).

Shortly after Mrs. Kawa passed, the defendant sent a letter to Mr. Kawa which stated that he was only entitled to receive payment as beneficiary of Theresa A. Kawa in the amount of $136,971.83. (Exhibit K).

This amount represented only 65% of the value of Mrs. Kawa's vested pension of $210,724.00.

The plaintiff appealed the defendant's determination that he was only entitled to receive $136,971.83. The defendant denied the plaintiff's Appeal, stating as reasons for its denial that, "Because Ms. Kawa was kept on the Verizon payroll until the date of her death, she passed away as an active employee. Accordingly, the Committee has concluded that the amount of your death benefit should be determined in accordance with Section 7.1 of the Plan entitled "Separation From Service Due to Death."" (Exhibits A, B, F, & J).

-3-

The defendant's determination is wrong because on Mrs. Kawa was not kept on the Verizon Payroll until the date of her death and at the time of her passing, she was not an active employee. This is borne out and established by the uncontroverted fact that on August 14, 2002, the defendant wrote to Ms. Kawa stating,

> that she was being removed from the payroll as of August 17, 2002. This was being done because Ms. Kawa was accepted to leave the service of the defendant through an Enhanced Income Protection Plan ("EIPP"). (Exhibit D).

Accordingly, by the defendant's own admission, Mrs. Kawa was removed from the Verizon Payroll as on August 17, 2002.

The plaintiff is therefore entitled, as a matter of law to the payment of $73,753.00 which represents the balance of Ms Kawa's pension plan.

-4-

II. ARGUMENT

A. SUMMARY JUDGMENT STANDARD

Summary Judgment is appropriate where one party is entitled to judgment as a matter of law. Kotmair v. Gray, 505 F.2d 744 (1974).

Summary judgment can be granted only if there is no genuine issue of material fact remaining and moving party is entitled to judgment as matter of law. See Amax Coal Co. v. United Mine Workers of America, International Union, 92 F.3d 571 (1996).

Summary judgment will be granted when movant is able to show it is entitled to judgment as matter of law based on uncontroverted operative facts. Swanson v. Fields, 814 F.Supp. 1007, affirmed 13 F.3d 407 (1993).

B. EMPLOYEE RETIREMENT INCOME SECURITY ACT

The Employee Retirement Income Security Act ("ERISA") was passed in order to aid the well being and security of millions of employees, beneficiaries and their dependents.

-5-

Further, ERISA was passed to see to it that employees with long years of employment do not lose anticipated retirement benefits owing to the lack of vesting provisions in such retirement and pension plans. See 29 USCA Section 1001, et seq.,

### C. THERESA A. KAWA RETIRED ON FEBRUARY 10, 2003

It is uncontroverted that on February 10, 2003, the decedent, Theresa A. Kawa, exercised her right to retire under the Verizon Plan in which she had contributed to in excess of thirty years. In opting to retire, Mrs. Kawa felt that it was in her best interest and her husband's best interest to retire effective February 10, 2003. She did this so that she could receive a lump sum payout of her accrued vested pension. This amount totalled $210,724.00

Further, there is nothing in the record that even remotely suggests that Mrs. Kawa could not retire effective February 10, 2003. In fact, the Hewitt Website which Mrs. Kawa utilized to retire contained an option which stated "Retire Now." This option was completed and Mrs. Kawa selected February 10, 2003 as her retirement date.

-6-

Even the Verizon DB Calc Reason Selection of Theresa A. Kawa shows that she notified Verizon on February 10, 2003 of her intent to retire.  What Verizon did was to plug in the date of May 4, 2003, which never was agreed to by Mrs. Kawa's, but one of its own chosing, because of what Verizon called policy reasons), as Mrs. Kawa's earliest termination date.

> Exhibit K

In sum, it was Mrs. Kawa's intent to retire effectively as of February 10, 2003. In doing so she was entitled to receive the full amount of her accrued vested pension.

    D.   MRS. KAWA LAST DAY ON THE ACTIVE
          PAYROLL WAS AUGUST 17, 2002

In Verizon's July 29, 2003 denial of Mr. Kawa's Appeal, Verizon readily admits that Mrs. Kawa initiated the retirement process on February 10, 2003. This in itself should be conclusive of the issue of this case. Notwithstanding, Verizon's claims that Mrs. Kawa, in chosing this date used the date of May 4, 2003 as her last date on the Verizon Active Payroll.

Verizon is wrong.  Mrs. Kawa could not have and did not chose this date because the record establishes that Mrs Kawa's last date on the Verizon Payroll was in fact August 17, 2002.

           Exhibit D

Moreover, Verizon admits that the May 4, 2003 date that has been used by Verizon was done so simply due to policy reasons and not because of any written guideline or statutory authority.  In fact, there is nothing in the Verizon Pension Plan which even remotely suggests the Verizon had the right to chose any other date as Mrs. Kawa's retirement date other than the February 10, 2003 date.

          Exhibits L & M

CONCLUSION

It is clear that the defendant's only argument regarding its refusal to pay out the full amount Mrs. Kawa's Verizon Pension Benefits is flawed and wrong as a matter of law. For this reason, the plaintiff prays that this Honorable Court grant his motion for Summary Judgment.

Dated: September 27, 2005

Respectfully submitted,

Gaetano J. DeLuca
BBO #558872
9 Early Red Circle
Plymouth, MA 02360
(508) 224-6886