UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 CV 11952 MLW

PHILLIP A. KAWA,           )
                           )
        Plaintiff          )
                           )
    v.                     )
                           )
VERIZON COMMUNICATIONS,    )
                           )
        Defendant          )

AFFIDAVIT OF PHILLIP A. KAWA

I, Phillip A. Kawa, state under oath that I have first hand knowledge of all of the foregoing facts.

1.  I am a resident of Weymouth, Massachusetts, Norfolk County.

2.  The defendant, Verizon Communications ("VERIZON"), is a National Corporation and maintains offices in Boston, Massachusetts, New York City, New York, Coppell, Texas.

3.  I am the husband of the decedent, Mrs. Theresa A. Kawa.

4.  Theresa A. Kawa passed on February 23, 2003.

5. In 2001 – 2002, my wife became extremely ill. Because of her illness she was required to take a medical leave from her employment at Verizon. My wife first began to work for Verizon in September, 1973.

6. On or about August 14, 2002, my wife received a letter from Verizon advising her that her last day on the Verizon Payroll would be on August 17, 2002.

7. Through the years of her employment with Verizon, my wife always maintained a pension plan with Verizon.

8. This pension plan was established pursuant to 29 U.S.C.A. Section 1001, et seq., ("ERISA").

9. On February 10, 2003, my wife, in my presence, went on line utilizing the Verizon Hewitt System and exercised her right to retire as of February 10, 2003 so that she could receive her full pension which she had contributed to for thirty years. To do this, she clicked on the "RETIRE NOW" Command and followed the ensuing instructions. When Terry logged off it was her belief and understanding that she had fully completed the retirement process and that she would receive her pension in a lump sum of $210,724.00.

10. My wife passed away on February 23, 2003. At the time of her passing, the value of her pension was $210,724.00.

11. When I informed Verizon that my wife passed away, they claimed that she was only entitled to 65% of her pension.

12. Accordingly, Verizon sent a letter me a letter which stated that I was entitled to receive payment as beneficiary of Theresa A. Kawa in the amount of $136,971.83.

13. This amount represented only 65% of the value of my wife's vested pension of $210,724.00.

14. I appealed the defendant's determination that I was only entitled to receive $136,971.83.

15. The defendant denied my Appeal, stating as reasons for its denial that, "Because Ms. Kawa was kept on the Verizon payroll until the date of her death, she passed away as an active employee. Accordingly, the Committee has concluded that the amount of your death benefit should be determined in accordance with Section 7.1 of the Plan entitled "Separation From Service Due to Death.""

16. The defendant's determination is wrong because on August 14, 2002, the defendant wrote to Terry stating that she was being removed from the payroll as of August 17, 2002. This was being done because my wife was accepted to leave the service of the defendant through an Enhanced Income Protection Plan ("EIPP").

17. I believe that I am entitled to the payment of $73,753.00 which represents the balance of my wife's pension plan.

Signed under the pains and penalties of perjury this 21st Day of September, 2005.

_____
Phillip A. Kawa

-4-