# EXHIBIT A8

10/07/03   14:10   ☎1 817 281 3987          HRD/1                                    ✆002
        JUL 17 2002 07:08 FR BELL ATLANTIC      781 380 2272 TO 916174430920      P.01/02

Please File to
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
Theresa A. Kawa

**verizon**

RECEIVED JUL 17 2002    7/10/02 GM

# EIPP – IBEW NEW ENGLAND
## Employee Volunteer Form

REVISED 7/8/02

**Employee Name: THERESA A. KAWA**

**Social Security #: 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**

**Title: ADMINISTRATIVE ASSISTANT**
**NCS:** September 20, 1973

**EIPP Payment Allowance: $61,600.00**
**Proposed Off Payroll Date:** August 17, 2002

I have reviewed the provisions and the amounts payable under the EIPP. I understand I can revoke this election on or before the end of the 30-day period, which began on July 10, 2002, but I cannot revoke my decision after August 8, 2002, which is the end of the 30-day election period

I have elected to.

[✓]  *Accept*          I wish to accept the provisions of the EIPP
                      Last day on payroll: August 17, 2002

I understand that I may only receive payments as selected below following the termination of my employment with the Company on such date as the Company specified and that my election of payment is irrevocable. I further understand that any payments under the Plan will cease permanently upon the occurrence of any of the following:

a)  My reemployment with the Company
b)  My employment by a Verizon affiliate or subsidiary company
c)  My engagement in or employment by a business or enterprise which competes directly with a Verizon affiliate or subsidiary Company

*I elect to receive EIPP payments as follows:*

If eligible to receive more than $10,000 (prior to any applicable taxes):

[ ]  *Monthly payments for four years.* Under this option, you receive 48 monthly payments, beginning with the month following the one in which you terminate employment with the Company. If you are within forty-eight (48) months of your 67th birthday, the full amount of the EIPP will be paid in monthly installments from the month in which you leave the service of the Company up to your 67th birthday. If you're older than age 67, you'll receive your benefit in a lump sum.

[✓]  *50% payment immediately and the remainder monthly over four years.* This payment option allows you to receive half of your EIPP payment in a single payment within 30 days after you leave the Company. Then, you receive the remainder of your benefit in 48 monthly payments. If you are within forty-eight (48) months of your 67th birthday, the full amount of the EIPP will be paid in monthly installments from the month in which you leave the service of the Company up to your 67th birthday. If you're older than age 67, you'll receive your benefit in a lump sum.

Note: If you're eligible to receive $10,000 or less (prior to any applicable taxes), you'll automatically receive your payment in a single lump-sum payment within 30 days of leaving the Company.

[ ]  *Decline*          I wish to decline to receive payment provided under the EIPP. (This option is only necessary when changing your original acceptance and must be received by the end of the volunteer period.)

*Theresa A. Kawa*
Employee Signature

*Desi-Lyn Smith*
Supervisor Signature

*7-17-2002*
Date

*7/17/02*
Date

**Employee: Please fax to 617-443-0920 or mail to Verizon Human Resources, 125 High Street, Room 820, Boston, MA 02110. You should retain a copy for your files.**

V00345

10/07/03   14:11   ☎1 617 261 3967         HRD/1

JUL 17 2002 07:08 FR BELL ATLANTIC      781 300 2212 TO 2021

☑003

# VERIZON HUMAN RESOURCES

### Enhanced Income Protection Plan
### Worksheet for Payment in Lieu of Vacation
### (Vacation Buy-Out)

RECEIVED JUL 17 2002    7/10/02 6M

Employee Name    **THERESA A. KAWA**

Employee SSN    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

Off Payroll Date   August 17, 2002

Accrued, unused vacation days remaining in year of separation          19

Carryover vacation days from previous year          —

*Total vacation days eligible for payment:*          19

### Approving Authority Information
Approving Authority listed below must be Manager or Above

Approving Authority    KERI-LYN SMITH          Phone    781-348-4340

Approval Signature    Keri-Lyn Smith          Date    7/17/02

### Check Distribution Information

This check will be mailed to the employee's home address. If this address is not correct, please update it through "Employee Self Service" on VZPeople or contact your Executive Assistant.

Street    61 CURTIS CIRCLE

City/State/Zip    E WEYMOUTH, MA 02189

## RETURN COMPLETED FORM TO:

Verizon Human Resources
RIF Administration
125 High Street
Room 820
Boston, MA 02110
Fax Number 617 443-0920

Enhanced Income Protection Plan - IBEW

V00346

# EXHIBIT A9

# Hewitt

Database: HRO BDRT Workflow
Copyright © 2005 Hewitt Associates LLC

**Client Name:** Verizon Communications Inc .
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 KAWA,PHILLIP A.

| | | | |
|---|---|---|---|
| BDRT Date | 12/05/2003 | BDRT Time | 03:15 PM |
| Originally Needed | 03/04/2004 | Currently Needed | 03/04/2004 |
| Imaging Date | 12/05/2003 | Imaging Time | 03:15 PM |
| Client Team Utilized | ○ Yes ○ No | Appropriate Referral of CIF from BC? | ○ Yes ○ No |
| Escalation Process? | ○ Yes ○ No | | |

BDRA Tracker
Source    Mail
Issue Status    Issue Completed

## Participant Information

| | | | |
|---|---|---|---|
| Name | PHILLIP A. KAWA | Benefit Status | Deceased |
| ID | 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 | Other Participant Identifier | Retiree - Pre 65 |
| Participant Zip Code | 02189 | | |

## Current Status

| | | | |
|---|---|---|---|
| Workgroup | N/A | Assignee | N/A |
| Status | Issue Completed | Current Step | N/A |

## Steps Detail

**1. Appeal Detail**

| | | | |
|---|---|---|---|
| Person Type | Vz - Spouse - Participant | Appeal Category | |
| Appeal Activity | DB | Level of Appeal | DB |
| Appeal Topic | Benefit Amount | Appeal Description | Level 2 |
| Imaging Misdirect | ☒ | Multiple Appeal | Benefit Amount ☒ |

**Appeal Description :**
Root Cause of Appeal:    Survivor pre-retirement annuity
Summary of Appeal:    Bene request for unreduced pension benefits .
Acknowledge Letter:    09/12/2003

V00356



Contact:
Contact Call Back Number:
Home Number:
Work Number:
Best Time to Call Back:

☒ Completed by ▮▮▮ on 12/05/2003 03:15 PM

## 2. Appeal Analysis

Workgroup:          Verizon Communications Inc .
Associate Name      ▮▮▮

### Analysis

**Discussion**

12/05/2003 03:18 PM

12/05/2003 03:18 PM
Rcvd email from ▮▮▮ on 12/5/2003 with the instruction to create a workflow in the dependant's name.

08/28/2003 02:45 PM
"Capone, Kathy" <KCapone@cov.com>
08/15/2003 11:40 AM
Please provide a copy of the initial claim request and any materials previously sent to Mr. Kawa regarding the pre-retirement death benefit. You should also look into Ms. Kawa's status at the time of her death. Did she really go off payroll in 2002 as her spouse claims? If she was receiving payments at the time of her death, what were the payments for? Finally, please also confirm that Ms. Kawa had not completed a benefit election form before her death.

08/28/2003 03:22 PM

08/28/2003 03:22 PM
Sent claim request to Kathy and Kay. Ms. Kawa died while on active status, and there are no pension election forms in imaging.

Drafted agenda item and sent to ▮▮▮ for review.

**09/17/2003 07:30 AM**
▮▮▮ is still researching voluntary separation issue. PPT has been pended to October meeting.   Sent extension letter and re-assigned to ▮▮▮

**09/25/2003 07:15 PM**
Per our conversation with C&B: ▮▮▮ to send rough draft to C&B.

**10/07/2003 02:34 PM**
Email sent to Marie Daniely 10/7, requesting Ms. Kawa's bargaining agreement:

Hi Marie,

▮▮▮ and I are working to prepare an appeal to be heard at the October 21, 2003 Verizon Claims Review Committee Meeting. The appeal is for the deceased Ms. Theresa Kawa (SSN: 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). Ms. Kawa was receiving sickness disability benefits when she accepted the August 2002 EIPP for IBEW New England Associates. Therefore her last day of active employment was actually long before the off payroll date for the EIPP, August 17, 2002. Mr. Kawa (who is filing the appeal) states that Ms. Kawa began receiving sickness disability benefits on May 5, 2002, although we have not been able to confirm this in our system.

To help us in preparing this appeal, we are looking for language which states that although the EIPP off payroll date was August 17, 2002, because Ms. Kawa was receiving sickness disability benefits, she remained on the payroll until these benefits were exhausted. Would you be able to provide Ms. Kawa's bargaining agreement in effect during this time, in which we can look for this language?

Thank you,

▮▮▮

**10/07/2003 02:41 PM**
FYI: All imaged documents were incorrectly imaged under Phillip Kawa's SSN. I changed all today to be filed under Theresa's SSN, 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

**10/07/2003 02:43 PM**
Marie responded 10/7, indicating she has the information I am requesting, but cannot send until tomorrow. I responded that tomorrow would be fine.

**10/08/2003 04:00 PM**

V00358

Email from Marie 10/8:



I just talked to Chris Lonero, the LR manager in New England. She said there is nothing in writing about this, but if you are on disability when an IPP offer is made, you remain on the active payroll, and you are not given the IPP until after you have exhausted disability or you recover, whichever occurs first. I thought I had seen something in writing, but she said it is their practice. If you need to talk to Chris, her number is 617-743-4411. In e-mail, she is Christine Lonero or Christine.a.lonero@verizon.com.

Marie

10/08/2003 04:01 PM
I also asked Marie for the bargaining unit contract (aparently, this is a separate document from the MOU). She sent this 10/8

10/08/2003 06:21 PM
Reviewed agenda item. Added additional information regarding administrative practice of EIPP for disabled employees. Ready for review by

10/09/2003 10:06 AM
Bargaining unit contract has separate section for IPP offers, but does not mention anything about employees on disability remaining on the payroll if they accept this offer. Checked both the SPD and the IPP plan document - there is a section on employees who are on disability, however, both documents only say that the employee may be eligible for a Disability Pension. No mention about remaining on payroll after off-payroll date.

10/09/2003 05:11 PM
Ms. Christine A. Lonero, Manager - Verizon Labor Relations, confirmed Verizon's long standing policy is that the Separation From Service for a IBEW New England associate who is receiving STD benefits and accepts benefits under an IPP does not occur until after the associate has exhausted 52 weeks of STD. This policy began with New England Telephone and Telegraph Company and continues to be maintained by Verizon at the insistence of the IBEW.

10/09/2003 06:41 PM
reviewed. Agenda item sent to Kathy 10/9

V00359



10/09/2003 06:41 PM
Printed attachments for binder and placed in attachments folder

10/10/2003 11:32 AM
Kathy reviewed. Agenda item ready for binder

10/14/2003 10:44 AM
Sharon reviewed. Ready for binder.

10/21/2003 07:58 PM
Received draft of determination letter. Reviewed. Minor changes. Sent back to ▓▓▓. Ready for ▓▓▓ to review.

10/22/2003 10:48 AM
Revised and in review with ▓▓

10/22/2003 11:51 AM
Per direction from ▓▓ sent to legal review.

11/03/2003 11:09 AM
Received an email from Seth Friday night:

▓:

Please find attached a revised letter to Mr. Kawa. Please let me know if you have any questions about our changes to the structure and analysis.

-Seth

11/03/2003 11:09 AM
Revising and sending to Sharon for review.

11/04/2003 02:35 PM
Working with Kathy to verify the lump sum issue. Sent a request to ▓▓ to verify TBA calc.

██████ 11/04/2003 03:58 PM
Spoke to ████ he will have the calc reviewed tomorrow.

██████ 11/07/2003 01:24 PM
Email received 11/6

--

Attached is a revised version of the Kawa letter that takes into account the annuity payments he is receiving. The changes are highlighted with "tracking changes."

Please call me if you have any questions.

Thanks,

Kathy

██████ 11/07/2003 01:24 PM
Sharon,
Also, please note that the 60-day deadline for Kawa is this Sunday November 9, 2003. Please advise if you like me to send out an extension letter.

██████ 11/07/2003 01:26 PM
Please see BDRT mailbox for emails detailing the recalc.

██████ 11/07/2003 05:23 PM
No extension letter sent. Tolling is incorrect in this workflow.

██████ 11/12/2003 07:19 AM
Awaiting signed determination from Sharon.

██████ 12/08/2003 04:29 PM
Received signed determination letter from Sharon. Sending a copy of the letter to Kay for Marc's files.

Internal Contacts

Issue Contributor/Originator

Extension Letter Date          09/17/2003

Appeal Determination

Participant Info Compliant

[ ] Ppt filed within 180 days of first appeal
Reinstatement Needed          No

BDRA Assigned

BDRA Assigned Date

State
Resolution Time Within BDRA Control

Extension Letter Needed?

Appeal escalated to client

Participant Info Complete

Determination Letter Date          11/10/2003

---

**Final Resolution**

Resolution Date: ▬▬▬ 12/08/2003 04:38 PM

Resolution:
Although Ms. Kawa initiated the pension commencement process over the "Your Benefits Resources" website, the Verizon Benefits Center did not receive the completed paperwork described above. Under the Plan (and by law), therefore, Ms. Kawa's benefits could not commence before her death. As such, Ms. Kawa's estate is not entitled to a lump sum benefit.

☒ Completed by ▬▬▬▬ on 12/08/2003 04:38 PM

V00362

## Issue Summary

Request for unreduced pension benefits, for estate cashout of lumpsum. Denied under the Plan, ppt did not complete paperwork prior to death.

☒ Completed by ██████████ on  12/08/2003 04:39 PM

V00363

# Hewitt

Database: HRO BDRT Workflow
Copyright © 2005 Hewitt Associates LLC

**Client Name:** Verizon Communications Inc.
**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 KAWA,PHILLIP A.**

| | | | |
|---|---|---|---|
| BDRT Date | 01/07/2005 | BDRT Time | 02:21 PM |
| Originally Needed | 02/06/2005 | Currently Needed | 02/06/2005 |
| Imaging Date | 01/07/2005 | Imaging Time | 02:21 PM |
| Client Team Utilized | ● Yes ○ No | Appropriate Referral of CIF from BC? | ● Yes ○ No |
| Escalation Process? | ● Yes ○ No | | |



BDRA Tracker
Source          Mail
Issue Status    Issue Completed

## Participant Information

| | |
|---|---|
| Name | PHILLIP A. KAWA |
| ID | 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 |
| Participant Zip Code | 02189 |

Benefit Status          Active
Other Participant Identifier   North Union

## Current Status

| | |
|---|---|
| Workgroup | N/A |
| Status | Issue Completed |

Assignee

Current Step    N/A

## Steps Detail

### 1. Appeal Detail

| | |
|---|---|
| Person Type | Spouse |
| Appeal Activity | Post-Service |
| Appeal Topic | Request for Information |
| Administrator | N/A |
| Coverage Type | Medical |
| Option ID and Name | N/A  |

Appeal Category          H&GB
Level of Appeal          Level 1
Appeal Description       Post-ERISA litigation Requests
Health Plan State Code   MA - Massachusetts
Plan Type                Indemnity
Imaging Misdirect        

Multiple Appeal

V00364

**Appeal Description :**

Root Cause of Appeal:    Received request from Grace to fulfill a Doc Request for Karen Wahle .
Summary of Appeal:
Acknowledge Letter:
Contact:
Contact Call Back Number:
Home Number:
Work Number:
Best Time to Call Back:

☒ Completed by ▇▇▇▇ on 01/07/2005 02:21 PM

## 2. Appeal Analysis

Workgroup:    Verizon Communications Inc .
Associate Name    ▇▇▇▇

## Analysis

**Discussion**

▇▇ 01/07/2005 02:26 PM

Workflow for a document request for Karen Walhe --The ppt info is Philip Kawa 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 (Theresa Kawa deceased spouse) it is very important that we gather all information FOR BOTH TBA ACCOUNTS (including any workflows VBC and BDRT, all imaging documents, BDRT client records and meeting agenda and minutes).

▇▇ 01/07/2005 04:26 PM

Gathered all e-mails in HM BDRT and Client Records Mailbox, BC and BDRT Imaging, Agenda Items and CRC Minutes, and CRC Determination letters under both accounts, Philip (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) and Theresa (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). Will work with ▇▇▇ or ▇▇ in redaction.

▇▇ 01/27/2005 02:21 PM

Redacted Hewitt names from e-mails. Will review documents with ▇▇ to see if anything needs to be added, changed or removed 1/27

V00365



02/04/2005 12:33 PM
Documents have been gathered drafting Cover letter. 2/4

02/04/2005 03:07 PM
Finished cover letter, gave to ███ to review 2/4

02/07/2005 10:57 AM
Litigation request was overnighted to Karen Wahle for Sat. delivery on 2/4/05.

| | |
|---|---|
| Internal Contacts | |
| Issue Contributor/Originator | |
| Extension Letter Date | |
| Appeal Determination | |
| Participant Info Compliant | |
| Reinstatement Needed | No |

| | |
|---|---|
| BDRA Assigned | |
| BDRA Assigned Date | 01/07/2005 |
| State | |
| Resolution Time Within BDRA Control | |
| Extension Letter Needed? | |
| Appeal escalated to client | |
| Participant Info Complete | |
| Determination Letter Date | 02/04/2005 |

**Final Resolution**

V00366

**Resolution Date :** ████████ 02/07/2005 10:56 AM

**Resolution:**
Litigation request was overnighted to Karen Wahle for Sat. delivery on 2/4/05.

☒ Completed by ████████ n 02/07/2005 10:56 AM

## Issue Summary

Litigation request was overnighted to Karen Wahle for Sat. delivery on 2/4/05.

☒ Completed by ████████ on  02/07/2005 10:57 AM

V00367

V00368

Theresa Kawa – List of Hewitt's Claims Review Unit Workflows:

| | Specification/Activity | Received Date/Time | HOLD | Workgroup |
|---|---|---|---|---|
| ▼ 2 | 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 | | | |
| ▼ 2 | Issue Completed | | | |
| | DB / DB | 05/16/2003 10:42:00 AM | | N/A |
| | DB / DB | 03/15/2004 12:16:00 PM | | N/A |

# Hewitt

Database: HRO BDRT Workflow
Copyright © 2005 Hewitt Associates LLC

**Client Name:** Verizon Communications Inc .
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 KAWA,THERESA A.

| | | | |
|---|---|---|---|
| BDRT Date | 05/19/2003 | BDRT Time | 11:58 AM |
| Originally Needed | 08/14/2003 | Currently Needed | 08/14/2003 |
| Imaging Date | 05/16/2003 | Imaging Time | 10:42 AM |
| Client Team Utilized | ○ Yes ○ No | Appropriate Referral of CIF from BC? | ○ Yes ○ No |
| Escalation Process? | ○ Yes ○ No | | |

## Participant Information

| | | | |
|---|---|---|---|
| Name | THERESA A. KAWA | Benefit Status | |
| ID | 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 | Other Participant Identifier | |
| Participant Zip Code | 02189 | | |

| | |
|---|---|
| BDRA Tracker | |
| Source | **Active** |
| Issue Status | **Active** |

## Current Status

| | | |
|---|---|---|
| Workgroup | N/A | Assignee |
| Status | Issue Completed | |

Current Step    N/A

## Steps Detail

### 1. Appeal Detail

| | | | |
|---|---|---|---|
| Person Type | **Spouse** | Appeal Category | |
| Appeal Activity | **DB** | Level of Appeal | |
| Appeal Topic | **Benefit Amount** | Appeal Description | |
| Imaging Misdirect | ☒ | Multiple Appeal | |

| |
|---|
| DB |
| Level 1 |
| Benefit Amount |
| ☒ |

## Appeal Description :

Mr. Kawa feels that his benefit is incorrect .
Disputing reduction factor applied to survivor benefit .

| |
|---|
| Root Cause of Appeal: |
| Summary of Appeal: |
| Acknowledge Letter: |

V00370

Contact:
Contact Call Back Number:
Home Number:
Work Number:
Best Time to Call Back:

☒ Completed by ▮▮▮▮ on 05/20/2003 12:01 PM

## 2. Appeal Analysis

Workgroup:                 Verizon Communications Inc .
Associate Name    ▮▮▮▮

## Analysis

### Discussion

▮▮▮▮ 07/14/2003 03:05 PM
Ppt. is requesting an unreduced survivor pensio. According to the Plan he is only entitled to the value of  a 65% J & S..

▮▮▮▮ 07/14/2003 03:05 PM
Denial letter has been drafted and is in review with ▮▮▮▮ (7/14/03)

▮▮▮▮ 07/15/2003 06:08 PM
Letter is in review with Grace.

▮▮▮▮ 07/29/2003 12:31 PM
Denial letter is being mailed today. (7/29)



V00371



| | |
|---|---|
| Internal Contacts | BDRA Assigned |
| | BDRA Assigned Date |
| Issue Contributor/Originator | State ☒ MA - Massachusetts |
| | Resolution Time Within BDRA Control |
| Extension Letter Date | Extension Letter Needed? |
| Appeal Determination | Appeal escalated to client |
| Participant Info Compliant | Participant Info Complete |
| Reinstatement Needed    No | Determination Letter Date    07/29/2003 |

e-mail

**Final Resolution**

**Resolution Date :** 07/29/2003 12:29 PM

**Resolution:**
Surviving spouse was denied additional pension benefits.

☒ Completed by ⬛ on 07/29/2003 12:31 PM

**Issue Summary**

Mr. Kawa was requesting an unreduced survivor pension, he was denied under the plan. Mr. Kawa is entitled to a 65% survivor benefit.

☒ Completed by ▄▄▄▄ on 07/29/2003 12:31 PM

V00373

# Hewitt

**Database: HRO BDRT Workflow**
**Copyright © 2005 Hewitt Associates LLC**

**Client Name:** Verizon Communications Inc .
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  KAWA,THERESA A.

| | | |
|---|---|---|
| BDRT Date | 03/16/2004 | BDRT Time | 02:16 PM | BDRA Tracker | |
| Originally Needed | 06/13/2004 | Currently Needed | 06/13/2004 | Source | Terminated |
| Imaging Date | 03/15/2004 | Imaging Time | 12:16 PM | Issue Status | North Union |
| Client Team Utilized | | Appropriate Referral of CIF | | | |
| Escalation Process? | ● Yes ○ No | from BC? | ● Yes ○ No | | |

## Participant Information

| | | |
|---|---|---|
| Name | THERESA A. KAWA | Benefit Status | |
| ID | 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 | Other Participant Identifier | |
| Participant Zip Code | 02189 | | |

## Current Status

| | | | |
|---|---|---|---|
| Workgroup | N/A | Assignee | N/A | Current Step | N/A |
| Status | Issue Completed | | | | |

## Steps Detail

**1. Appeal Detail**

| | | |
|---|---|---|
| Person Type | Vz - Spouse - Participant | Appeal Category | DB |
| Appeal Activity | DB | Level of Appeal | Level 2 |
| Appeal Topic | Pension | Appeal Description | Misc. |
| Imaging Misdirect | ☒ | Multiple Appeal | ☒ |

**Appeal Description :**

| | |
|---|---|
| Root Cause of Appeal: | This is not an appeal . Ppt. is deceased, surviving spouse is requesting documents . |
| Summary of Appeal: | Doc Request. |
| Acknowledge Letter: | 03/16/2004 |

Mail
Issue Completed

V00374

Contact:
Contact Call Back Number:
Home Number:
Work Number:
Best Time to Call Back:

☒ Completed by ████ on 03/16/2004 02:55 PM

## 2. Appeal Analysis

Workgroup:                Verizon Communications Inc .
Associate Name            ████

## Analysis

### Discussion

████ 03/16/2004 02:17 PM
Emailed ███ the ack letter.

████ 03/29/2004 07:33 PM
This is a doc request. I will send the requested documents this week.

████ 03/31/2004 03:09 PM
Today the ppt. was sent the Verizon pension Plan for New York and New England Associates, the Pension Plan SPD, and all relevant information pertaining to the determinatoin of his appeal. TBA Comments have been updated.

Internal Contacts

BDRA Assigned

BDRA Assigned Date    03/16/2004

V00375



| | State | MA - Massachusetts |
|---|---|---|
| Issue Contributor/Originator | Resolution Time Within BDRA Control | ☒ [Yes] ☒ [No] |
| | Extension Letter Needed? | ☒ [Yes] ☒ [No] |
| Extension Letter Date | Appeal escalated to client | ☒ |
| Appeal Determination | Participant Info Complete | |
| Participant Info Compliant | | |
| ☐ Ppt filed within 180 days of first appeal | | |
| Reinstatement Needed    No | Determination Letter Date | 03/31/2004 |

**Final Resolution**

**Resolution Date :** ▬▬▬ 03/31/2004 03:07 PM

**Resolution:**
N/A - Mr. Kawa'a appeal was denied at the October 2003 CRC Meeting. This was just a doc request.

☒ Completed by ▬▬▬ on 03/31/2004 03:08 PM

**Issue Summary**

N/A - Mr. Kawa requested all relevant information pertaining to the determinatoin of his appeal. All relevant information pertaining to the determinatoin of his appeal was sent out on 3/31/2004.

☒ Completed by ▬▬▬ on 03/31/2004 03:08 PM

V00376

# EXHIBIT A10

# Verizon Claims Review Committee

**October 21, 2003**

## Ms. Theresa A. Kawa

| | |
|---|---|
| **SSN:** | **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** |
| **Date of Birth:** | **03-20-1954** |
| | |
| **Employment Status:** | **Deceased; Active Death (02-23-2003)** |
| **Original Date of Hire:** | **09-20-1973** |

**Communications**

| | |
|---|---|
| **Claim Letter:** | **05-13-2003** |
| **Claim Response Letter:** | **07-29-2003** |
| **Letter to the CRC:** | **08-05-2003** |

## Request for Additional Pension Benefits

### Issue

- Is Mr. Phillip A. Kawa, as the surviving spouse of Ms. Theresa A. Kawa, entitled to additional pension benefits under the Verizon Pension Plan for New York and New England Associates (the "Plan")?

### Background

- Verizon's records reflect that Mr. Kawa is Ms. Kawa's surviving spouse. Ms. Kawa was employed as an associate by a Plan Participating Company from September 20, 1973 to February 23, 2003, when she died. She was eligible for a Service Pension as a 2001 Eligible Employee under Section 5.2(f) and Exhibit IV of the Plan. Mr. Kawa requests lump sum pension benefits determined as if, before her death, Ms. Kawa had a Separation From Service, had completed her pension commencement election, and had reached her annuity starting date, instead of a Pre-Retirement Death Benefit under the Plan.

- In his claim letter, Mr. Kawa states, "I am appealing the decision to reduce Theresa's pension to 65% of the amount on the grounds that Theresa entered into a binding retirement agreement as presented online by the Verizon website Hewitt.Com. Theresa, in my presence, completed the Hewitt.com application on February 10, 2003. When Theresa clicked the <u>RETIRE NOW</u> link and filled in the required information we believed that she entered into a binding agreement with Verizon and also irrevocable by Verizon. We were never informed on the Hewitt site or Theresa's manager that any further action would be required by Theresa in order to retire."

- In his appeal letter, Mr. Kawa states, "Beginning May 5, 2002 and until Theresa's death on February 23, 2003 Theresa received insurance benefits administrated by Aetna Insurance Company paid by Verizon as a self-insured company. Insurance benefits are not considered to be payroll." In addition, Mr. Kawa states, "on July 17, 2002 Theresa applied for and was granted the EIPP (Enhanced Income Protection Plan) and her 'Off the Payroll' Date was August 17, 2002.

- Verizon's records reflect that Ms. Kawa initiated the pension commencement process on the Your Benefits Resources website on February 10, 2003. She indicated her "Last Day on Active Payroll" (i.e., Separation From Service) would be May 4, 2003 and elected a "Pension Effective Date" (i.e., Annuity Starting Date) of May 5, 2003. However, she never completed the process (e.g., by electing an optional form of payment or providing delivery instructions for her payment).

- Verizon's records also reflect that Ms. Kawa began receiving Short-Term Disability ("STD") benefits on May 5, 2002. She would have exhausted her 52 weeks of STD benefits on May 4, 2003. She accepted enhanced benefits under the Verizon Income Protection Plan for New England Associates (the "IPP"). If she had not been receiving STD benefits, her last day on the payroll under the IPP would have been August 17, 2002. However, because she had not yet exhausted her 52 weeks of STD benefits on August 17, 2002, she remained on the payroll and would not have been taken off the payroll until May 4, 2003, when she would have exhausted her 52 weeks of STD benefits. Verizon's long standing policy is that the Separation From Service for a IBEW New England associate who is receiving STD benefits and accepts benefits under an IPP does not occur until after the associate has exhausted 52 weeks of STD. This policy began with New England Telephone and Telegraph Company and continues to be maintained by Verizon at the insistence of the IBEW. The Verizon Claims Review Unit confirmed the policy with Ms. Christine A. Lonero, Manager - Verizon Labor Relations.

## Relevant Plan Provisions

With respect to election and commencement of a Service Pension, the Plan provides:

- Article II, Section 2.4 of the Plan states, in pertinent part:

    **Annuity Starting Date**
    shall be defined as follows. [ ]

    (b)    **Lump Sum Payments.** In the case of a benefit payable in the form of a lump sum payment, except as provided in Section 6.11, 7.1 or 7.2, Annuity Starting Date means the date on which all events have occurred that entitle the person to the benefit . . .

- Article II, Section 2.65 of the Plan states, in pertinent part:

    **Separation from Service**
    shall mean termination of employment with a Participating Company or Affiliate for any reason other than the immediate---

        (a)    transfer to another Participating Company or other Affiliate, or

        (b)    transfer to, or employment by, a company with which a Participating Company has an applicable Interchange Agreement in effect, if the Interchange Agreement applies. [ ]

- Article IV, Section 4.1(b) of the Plan states, in pertinent part:

    (1)    **In General.**  Unless an earlier Annuity Starting Date has been elected by the Participant, payment of a Service Pension shall commence on the later of the Participant's Normal Retirement Age or the day following his or her Separation From Service....

    (2)    **Election of Earlier Commencement.**  If the Participant so elects, payment of a Service Pension shall commence on any Annuity Starting Date prior to the date described in (1), following the Participant's Separation From Service, which shall be designated by the Participant.

- Article VI, Sections 6.3 through 6.5 of the Plan state, in pertinent part:

    **6.3    Notice Procedure.**

        (a)    In General.  Within the 60-day period beginning 90 days prior to the Annuity Starting Date, the Benefit Administrator shall provide the Participant with a written explanation of— [ ]

        (b)    Exception.  Notwithstanding subsection (a), the written explanation described in subsection (a) may be provided less than 30 days prior to the Annuity Starting Date if---[ ]

    **6.4    Election Procedure.**
    A Participant who does not wish payment in an automatic form under section 6.2 may elect in writing, on a form prescribed by the Benefit Administrator, to receive his or her benefits in another optional form described in section 6.1. Such election shall be valid only if made within the later of—

        (a)    the 90-day period ending on the Annuity Starting Date,

        (b)    the 90-day period beginning on the date of mailing or the date of personal delivery (whichever is applicable) of the notice required under section 6.3, or

        (c)    with respect to a Participant who waives the 30-day notice requirement, as described in section 6.3(b), the 7-day period beginning on the date of mailing or the date of personal delivery (whichever is applicable) of the notice required under section 6.3.

V00379

Any election to waive an automatic form may be revoked by the Participant in writing during the election period, with or without the consent of his or her spouse. In the event of the death of an Employee's Beneficiary prior to the Annuity Starting Date of a joint and survivor annuity, such election shall be deemed to be revoked. The form of payment shall be irrevocable after the Annuity Starting Date or such later date as may be applicable under section 6.3(b)(3), except in the case of Participants who have a subsequent Annuity Starting Date, such as in the case of reemployment as described in section 9.6.

**6.5    Spousal Consent.**

  (a) **In General.** An election by a married Participant of a payment form other than a Qualified 50-Percent Joint and Survivor Annuity with the surviving spouse as Beneficiary shall not be valid unless the Participant's spouse consents in writing to such election . . . [ ]

- Article VI, Section 6.11 of the Plan states, in pertinent part:

**Pension Cash-Out Window.**

  (a) **Window-Eligible Employees.** Each Window-Eligible Employee may make the election described in subsection (b), below . . . [ ]

  (b) **Election.** Each Window-Eligible Employee may elect to have his or her pension begin on an Annuity Starting Date that is the day following his or her Separation From Service . . . and to have his pension paid on such Annuity Starting Date in the automatic form of payment or any optional forms of payment otherwise available to the Eligible Employee under the Plan, or in a lump sum.

Any such election shall be made in a manner described in Sections 6.3 through 6.5 within the 90-day period ending on the Employee's Annuity Starting Date (or such later date as may be described in election forms provided by the Benefit Administrator). [ ]

  (c) **Determination of Pension Amount.**

   (F) **Special Rules for Disabled Employees.** An Eligible Employee who is receiving short-term sickness disability benefits, who has a Separation From Service in the applicable period described in section 6.11(a) and, thus, becomes a Window-Eligible Employee may elect as an Annuity Starting Date under section 6.11(b) above either: (i) the date described in section 6.11(b), or (ii) the day following the date his or her short-term sickness disability benefits end. A Window-Eligible Employee described in the preceding sentence who elects to receive payment of his or her pension benefit on an Annuity Starting Date under this section 6.11 shall be deemed to have waived any right to receive a Disability Pension and to have elected instead to cash-out the accrued benefit under this Plan consisting of the Service Pension or Deferred Vested Pension to which he or she is otherwise entitled without reference to any special rules pertaining to Eligible Employees who resign or retire due to disability.

- Article VI, Section 6.12 of the Plan states, in pertinent part:

  **Application for Benefits.**
  . . .benefit payments shall commence after properly written application for same has been received and approved by the Benefit Administrator. No payment shall be made for the period in which benefits would have been payable if the Participant or Beneficiary had made timely application therefore.

**With respect to periods of STD benefits, the Plan provides:**

- Article II, Section 2.21 of the Plan states, in pertinent part:

  **Credited Periods of Absence**
  shall mean each of the periods described below. [ ]

      (c)    **Period of Disability.** The period for which an Employee is receiving benefits under a Participating Company's Sickness and Disability Benefit Plan shall be treated as a Credited Period of Absence.

- Article II, Section 2.41(b)(1) of the Plan states:

  **Credited Periods of Absence.** An Employee's Net Credited Service shall include each Credited Period of Absence.

- Article IV, Section 4.3(e) of the Plan states:

  **Coordination Rules.** If a person receiving sickness or accident disability benefits under a Participating Company Sickness and Accident Disability Benefit Plan leaves the service of a Participating Company for any reason and is entitled to payment of a Service Pension or Deferred Vested Pension, any such disability benefits payable to such person shall be discontinued upon the commencement of the Service or Deferred Vested Pension payments. If the sickness disability benefits are greater in amount, the recipient may elect in writing to continue receiving them and defer receiving payments of his pension, or the Participating Company which last employed such individual may elect to make payments supplemental to the Service Pension or Deferred Vested Pension so that the rate of total payment is not diminished below the rate of disability payments to which he is entitled.

**With respect to deaths before the Annuity Starting Date, the Plan provides:**

- Article VII, Section 7.1(c) of the Plan states, in pertinent part:

  **Separation From Service Due to Death Occurring On or After January 1, 2001 For a Participant Who is an Eligible Employee On or After August 6, 2000.** The following provisions apply in the case of a Vested Participant who is an Eligible Employee at some time on or after August 6, 2000 and whose Separation From Service occurs due to death on or after January 1, 2001:

(1)    **In General.**  A death benefit shall be paid to the Beneficiary of a Vested Participant whose Separation From Service is due to death on or after January 1, 2001. If (A) the Participant's Beneficiary pursuant to (2), below, dies before the benefit described in this subsection is paid or begins pursuant to (3), below, or (B) if the Participant has no Beneficiary pursuant to (2), below, the benefit is forfeited and no death benefit shall be paid under this subsection on behalf of the Participant.

(2)    **Beneficiary.**  A Participant's Beneficiary shall be determined under the following rules:

(A)    A Participant may designate any living person as his or her primary or contingent Beneficiary for the death benefit described in this section 7.1(c), and may change such designation from time to time prior to his or her death or Annuity Starting Date, in accordance with procedures prescribed by the Plan Administrator. However, if the Participant is married, the Participant's surviving spouse is the Beneficiary, unless the Participant designates a person other than his or her spouse as primary Beneficiary and his or her spouse consents to such designation as described in section 7.3. Notwithstanding the preceding sentence, a Participant's election of a non-spouse Beneficiary made prior to the first day of the Plan Year in which the Participant's 35th birthday occurs shall automatically become null and void as of such first day. []

(3)    **Form and Timing of Payment.**  Subject to section 7.6, the following rules shall apply for purposes of determining the form and timing of payment to a Beneficiary under this section 7.1(c): []

(B)    **Payment to Spouse Beneficiary.**  If a Participant's Beneficiary is his or her surviving spouse, the death benefit shall be paid in the form of a monthly annuity commencing immediately following the Participant's death and continuing for the surviving spouse's lifetime, unless the surviving spouse of a Participant who dies prior to Normal Retirement Age elects to defer commencement of the monthly annuity to a date not later than the date the Participant would have attained Normal Retirement Age had he or she survived.  Notwithstanding the preceding sentence, **in the event the Participant's death occurs (i) for IBEW-New England Employees, or after March 1, 2001 and prior to January 1, 2004,** or (ii) for other Eligible Employees, on or after August 1, 2002 and prior to August 1, 2003, **the surviving spouse may elect to have the death benefit paid in a lump sum as soon as administratively practicable following the Participant's death.  The surviving spouse's election shall be made within such time and in accordance with such procedures as may be prescribed by the Plan Administrator.  The surviving spouse may not defer payment of the lump sum to a later date, but may defer payment of the monthly annuity as described above.**

(4)    **Amount.** The following provisions shall determine the amount of any payment to be made to a Beneficiary under this section 7.1(c):

(A)    **Annuity Payment Amount.** The amount of each monthly annuity payment shall be equal to the amount the Beneficiary would have received following the Participant's death, if –

(i)    the Participant's Separation From Service had occurred on the day of his or her death,

(ii)    the Participant had been eligible for and commenced receipt of an unreduced Service Pension on the day following such Separation From Service, in the form of a Qualified 65-Percent Joint and Survivor Annuity (a Qualified 50-Percent Joint and Survivor Annuity if the Beneficiary is not the Participant's surviving spouse and is more than 25 years younger than the Participant), and

(iii)    the amount payable during the Participant's lifetime had been reduced by applying Table 4B.

(B)    **Lump Sum Payment Amount.** The lump sum payable to a Beneficiary under this section 7.1(c) shall equal the actuarial equivalent present value (calculated using the assumptions in section 6.11(c)(2)(C)) of the monthly annuity otherwise payable to the Beneficiary on an Annuity Starting Date as of the day following the Participant's death, as determined under section 7.1(c)(4)(A). For purposes of applying the assumptions in section 6.11(c)(2)(C), the date of the Participant's death shall be the date of the Participant's Separation From Service and the Beneficiary's age shall be used in place of the Participant's age. (Emphasis supplied and added.)

- Article VII, Section 7.2(c) of the Plan states, in pertinent part:

**Death After Separation From Service Occurring On or After August 6, 2000 – With Death Occurring On or After January 1, 2001.** The following provisions apply in the case of a Vested Participant whose last day as an Eligible Employee occurred on or after August 6, 2000 and who dies after Separation From Service and on or after January 1, 2001 and prior to his or her Annuity Starting Date.

(1)    **In General.** A death benefit shall be paid to the Beneficiary of a Vested Participant whose last Separation From Service occurs on or after August 6, 2000 and who dies on or after January 1, 2001, and before the Annuity Starting Date of a Service Pension, Deferred Vested Pension, or Disability Pension. If (A) the Participant's Beneficiary pursuant to (2), below, dies before the benefit described in this subsection is paid or begins pursuant to (3), below, or (B) if the Participant has no Beneficiary pursuant to (2), below, the benefit is forfeited and no death benefit shall be paid under this subsection on behalf of the Participant.

V00383

(2)    **Beneficiary.**  A Participant's Beneficiary shall be determined under the following rules:

(A)    A Participant may designate any living person as his or her primary or contingent Beneficiary for the death benefit described in this section 7.2(c), and may change such designation from time to time prior to his or her death or Annuity Starting Date, in accordance with procedures prescribed by the Plan Administrator.  However, if the Participant is married, the Participant's surviving spouse is the Beneficiary, unless the Participant designates a person other than his or her spouse as primary Beneficiary and his or her spouse consents to such designation as described in section 7.3.  Notwithstanding the preceding sentence: [ ]

(3)    **Form and Timing of Payment.**  Subject to section 7.6, the following rules shall apply for purposes of determining the form and timing of payment to a Beneficiary under this section 7.2(c): [ ]

(B)    **Payment to Spouse Beneficiary.**  If a Participant's Beneficiary is his or her surviving spouse, the death benefit shall be paid in the form of a monthly annuity payable for the surviving spouse's lifetime.  Such benefit shall commence immediately following the Participant's death but, in the case of a Participant who dies prior to Normal Retirement Age, only if the surviving spouse elects within such time and in accordance with such procedures as may be prescribed by the Plan Administrator.  If such spouse does not elect immediate payment, payment shall be deferred until the Annuity Starting Date elected by the spouse which shall be a date not earlier than the date the Participant would have attained Earliest Retirement Age and not later than the date the Participant would have attained Normal Retirement Age had he or she survived.  **Notwithstanding the preceding sentence, in the event the Participant's death occurs (I) for IBEW-New England Employees, on or after March 1, 2001 and prior to January 1, 2004, or (II) for other Eligible Employees, on or after August 1, 2002 and prior to August 1, 2003, the surviving spouse may elect to have the death benefit paid in a lump sum or in an immediate annuity for the spouse's life, as soon as administratively practicable following the Participant's death.  The surviving spouse's election shall be made within such time and in accordance with such procedures as may be prescribed by the Plan Administrator.  The surviving spouse may not defer payment of the lump sum to a later date.  If the surviving spouse of a Participant who dies prior to Earliest Retirement Age does not elect the immediate lump sum or the immediate annuity within the time prescribed by the Plan Administrator, payment of the death benefit as an annuity may not begin until the date the Participant would have attained the Earliest Retirement Age.**

(4)    **Amount.**  The following provisions shall determine the amount of any payment to be made to a Beneficiary under this section 7.2(c):

V00384

(A)    **Annuity Payment Amount.** The amount of each monthly annuity payment shall be equal to the amount the Beneficiary would have received following the Participant's death, if –

(i)    the Participant had survived and commenced receipt of a Qualified 65-Percent Joint and Survivor Annuity (a Qualified 50-Percent Joint and Survivor Annuity if the Beneficiary is not the Participant's surviving spouse and is more than 25 years younger than the Participant) on the Beneficiary's Annuity Starting Date, applying the reductions described in Article IV and Table 2A to reduce benefits for commencement dates prior to Earliest Retirement Age, and

(ii)    died on the day following the Beneficiary's Annuity Starting Date.

(B)    **Lump Sum Payment Amount.** The lump sum payable to a Beneficiary under this section 7.2(c) shall equal the actuarial equivalent present value (calculated using the assumptions in section 6.11(c)(2)(C)) of the monthly annuity otherwise payable to the Beneficiary on an Annuity Starting Date as of the day following the Participant's death, as determined under section 7.2(c)(4)(A). For purposes of applying the assumptions in section 6.11(c)(2)(C), the date of the Participant's death shall be deemed to be the date of the Participant's Separation From Service and the Beneficiary's age shall be used in place of the Participant's age. (Emphasis supplied and added)

- Exhibit IV, Paragraph 3(a) of the Plan states, in pertinent part:

The monthly annuity benefit payable to the surviving spouse or other Beneficiary of a 2001 Eligible Employee whose Separation From Service is caused by his or her death shall be calculated under section 7.1 based on the 2001 Benefit described in this subsection (a). The monthly annuity benefit payable to the surviving spouse or other Beneficiary of a 2001 Eligible Retiree who has a Separation From Service on or after January 1, 2001 but dies prior to his or her Annuity Starting Date shall be calculated under section 7.2 based on the 2001 Benefit described in this subsection (a).

- Article VII, Section 7.5 of the Plan, entitled "Post-Election Death Benefit" states, in pertinent part:

If a Participant dies before his or her Annuity Starting Date but after electing a joint and survivor annuity with a survivor annuity greater than 50% that is payable to the Participant's surviving spouse, the elected joint and survivor annuity will be used to determine any survivor benefit for the spouse under Sections 7.1 and 7.2. In the event a Participant is reemployed after an Annuity Starting Date and, as a result, the Participant's benefit payments are suspended under Article IX, the prior Annuity Starting Date shall be cancelled and death benefits shall be payable under this Article VII during the period of suspension. The death benefit for a Participant described in the preceding sentence shall be based on the Participant's entire Plan benefit, adjusted as described in section 5.9, if appropriate.

V00385

**<u>Miscellaneous</u>**

- Attached hereto as attachment AA, is the following:

  —— Mr. Kawa's Claim Initiation Forms dated May 13, 2003 and June 24, 2003; and

  —— Mr. Kawa's letter to the Committee dated August 5, 2003.

V00386

*Attachment AA*

**Claim Initiation Form**

Statement Date 05-07-2003

001390
PHILLIP A. KAWA
61 Curtis Circle
E Weymouth MA  02189

To make an official claim under Verizon Communications, Inc.'s "claims procedures," as defined under Section 503 of the Employee Retirement Income Security Act of 1974 (ERISA), you must complete and return all original pages of this form, including any documentation you feel supports your claim, to:

Verizon Claims Review Unit
Post Office Box 1438
Lincolnshire, IL  60069-1438

## Claim Information

Employee        PHILLIP A. KAWA

Employee Social Security Number    *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*

This claim is for:
Claimant Name    *KAWA        THERESA        A*
Last Name        First Name        Middle Initial

Claimant Address    *61 Curtis circle    weymouth    MA 02189*
City        State        ZIP Code

Claimant Social Security Number    *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*

delivered by **Hewitt**

0072230095  V8730-001390



Claim Initiation Form                                    **Page 2**

*This claim relates to Verizon Communications, Inc.'s:*

- ☑ Pension Plan
- ☐ Savings Plan
- ☐ Medical Plan
- ☐ Dental Plan
- ☐ Short–Term/Sickness Disability Plan
- ☐ Long–Term Disability Plan
- ☐ Life Insurance Plan
- ☐ Other _____
      *Benefit Plan Name*

## Benefit or Coverage Claimed

Please provide a description of the nature of your claim (e.g., eligibility for benefits, determination of service, etc.) and a statement of the reasons why you think you are entitled to such coverage or benefit. Also, enclose with this form any documentation you feel supports your claim. **Please do not submit any original documentation. Documents submitted for claim processing cannot be returned to you.** If you need additional space, attach a separate piece of paper.

THIS FORM IS AN APPEAL REGARDING VERIZONS Reduction IN THERESA A. KAWA'S CASH OUT PENSION AMOUNT. PLEASE SEE THE ATTACHED LETTER FOR DETAILS

V00388

3

Claim Initiation Form                                                    Page 3

# Claims Procedure

The Summary Plan Description for the Plan under which you are filing this claim describes the claims and appeals procedure.

Normally, the Verizon Claims Review Unit will process your claim within a reasonable period of time after receiving this form. If the Verizon Claims Review Unit needs additional time to process your claim, you will receive a written notice of the need for a longer processing period, the reasons for the longer period, and a date on which you can expect your claim to be processed. You will receive written notice of a longer processing period within the original time period the Verizon Claims Review Unit had to process the claim under ERISA.

The Verizon Claims Review Unit will send you a written notice of its determination of your claim. You will receive this written notice within the time period allowed under ERISA. If the Verizon Claims Review Unit denies your claim, the written notice will provide you with the information required by ERISA. Refer to the Summary Plan Description for the plan under which you are making this claim for information on how to appeal a claim denial.

# Claimant Acknowledgment and Signature

By my signature below, I formally file a claim under the plan identified above. I further acknowledge by my signature that I have reviewed and understand the information contained in this form, the information contained in the summary plan description for the aforementioned plan, and any other plan-related information previously provided to me. I also understand that any rights under such plan are governed by the claims procedure of the plan.

_Philip A Kunz_                           _May 13, 2003_
Claimant Signature                         Date

# For More Information

If you need additional information, access the *Your Benefits Resources*™ Web site at http://resources.hewitt.com/verizon or contact the Verizon Benefits Center by calling Verizon Benefits Connect at **1-866-998-8777**. The Interactive Voice Response (IVR) system is available 24 hours a day, Monday through Saturday and from 1:00 p.m. to midnight, Eastern time, on Sunday. Verizon Benefits Center representatives are available between 8:00 a.m. and 6:00 p.m., Eastern time, Monday through Friday.

*Your Benefits Resources*™ is a trademark of Hewitt Associates LLC.

0072230095  V8730-001390

5

Phillip Kawa
61 Curtis Circle
East Weymouth, MA 02189-3067

Verizon Claims Review Unit
Post Office Box 1438
Lincolnshire, IL 60069-1438

May 13, 2003

Dear Sir or Madam,

On behalf of the Estate of Theresa Kawa I am appealing the decision to reduce Theresa's pension to the 65% amount on the grounds that Theresa entered into a binding retirement agreement as presented online by the Verizon website Hewitt.Com.

Theresa, in my presence, completed the Hewitt.com application on February 10, 2003. When Theresa clicked the RETIRE NOW link and filled in the required information we believed that she entered into a binding agreement with Verizon and also irrevocable by Verizon. We were never informed on the Hewitt site or Theresa's manager that any further action would be required by Theresa in order to retire.

I believe that the 65% reduction rate is unfair and not applicable because a contract was made between Theresa and Verizon. An offer and acceptance was completed through the Hewitt.com website on February 10, 2003.

I am requesting that Verizon review this matter and arrange to make payment of the full cashout pension to Theresa's estate in the amount that Verizon agreed to on the date the contract was made.

Sincerely,

*Phillip A. Kawa*

Phillip A. Kawa

V00390



# Claim Initiation Form

Statement Date 05–07–2003

001390
PHILLIP A. KAWA
61 Curtis Circle
E Weymouth MA   02189

To make an official claim under Verizon Communications, Inc.'s "claims procedures," as defined under Section 503 of the Employee Retirement Income Security Act of 1974 (ERISA), you must complete and return all original pages of this form, including any documentation you feel supports your claim, to:

Verizon Claims Review Unit
Post Office Box 1438
Lincolnshire, IL  60069–1438

## Claim Information

Employee    PHILLIP A. KAWA

Employee Social Security Number    *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*

This claim is for:

Claimant Name    *KAWA        THERESA        A*
                Last Name      First Name      Middle Initial

Claimant Address    *61 Curtis circle   weymouth MA 02189*
                    City            State        ZIP Code

Claimant Social Security Number    *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*

delivered by **Hewitt**

|||||||||||||||||||||||||||||||||||||

0072230095 V8730–001390    

V00391

Claim Initiation Form                                              Page 2

*This claim relates to Verizon Communications, Inc.'s:*

- ☑ Pension Plan
- ☐ Savings Plan
- ☐ Medical Plan
- ☐ Dental Plan
- ☐ Short–Term/Sickness Disability Plan
- ☐ Long–Term Disability Plan
- ☐ Life Insurance Plan
- ☐ Other _____
       *Benefit Plan Name*

## Benefit or Coverage Claimed

Please provide a description of the nature of your claim (e.g., eligibility for benefits, determination of service, etc.) and a statement of the reasons why you think you are entitled to such coverage or benefit. Also, enclose with this form any documentation you feel supports your claim. Please do not submit any original documentation. Documents submitted for claim processing cannot be returned to you. If you need additional space, attach a separate piece of paper.

THIS FORM IS AN APPEAL REGARDING
VERIZONS Reduction in THERESA A.
KAWA'S CASH OUT PENSION AMOUNT.
PLEASE SEE THE ATTACHED LETTER
FOR DETAILS AND Supporting
Document

*Phil Kawa*

0072230095  V8730–001390

Claim Initiation Form                                                    Page 3

## Claims Procedure

The Summary Plan Description for the Plan under which you are filing this claim describes the claims
and appeals procedure.

Normally, the Verizon Claims Review Unit will process your claim within a reasonable period of time
after receiving this form. If the Verizon Claims Review Unit needs additional time to process your
claim, you will receive a written notice of the need for a longer processing period, the reasons for the
longer period, and a date on which you can expect your claim to be processed. You will receive
written notice of a longer processing period within the original time period the Verizon Claims
Review Unit had to process the claim under ERISA.

The Verizon Claims Review Unit will send you a written notice of its determination of your claim.
You will receive this written notice within the time period allowed under ERISA. If the Verizon
Claims Review Unit denies your claim, the written notice will provide you with the information
required by ERISA. Refer to the Summary Plan Description for the plan under which you are making
this claim for information on how to appeal a claim denial.

## Claimant Acknowledgment and Signature

By my signature below, I formally file a claim under the plan identified above. I further acknowledge
by my signature that I have reviewed and understand the information contained in this form, the
information contained in the summary plan description for the aforementioned plan, and any other
plan–related information previously provided to me. I also understand that any rights under such plan
are governed by the claims procedure of the plan.

_____          _6/24/03_____
Claimant Signature                        Date

## For More Information

If you need additional information, access the *Your Benefits Resources*™ Web site at
http://resources.hewitt.com/verizon or contact the Verizon Benefits Center by calling Verizon Benefits
Connect at 1–866–998–8777. The Interactive Voice Response (IVR) system is available 24 hours a day,
Monday through Saturday and from 1:00 p.m. to midnight, Eastern time, on Sunday. Verizon Benefits
Center representatives are available between 8:00 a.m. and 6:00 p.m., Eastern time, Monday through
Friday.

*Your Benefits Resources*™ is a trademark of Hewitt Associates LLC.

Phillip Kawa
61 Curtis Circle
East Weymouth, MA 02189-3067

Verizon Claims Review Unit
Post Office Box 1438
Lincolnshire, IL 60069-1438

June 24, 2003

RETIREMENT PENSION APPEAL

Dear Sir or Madam,

On February 23, 2003 my wife and Verizon employee, Theresa Kawa died from complications as a result of a bone marrow transplant for the disease Plasma Cell Leukemia.

On behalf of the Estate of Theresa Kawa I am appealing Verizons decision to reduce Theresa's pension to the 65% amount on the grounds that Theresa entered into a binding retirement agreement as presented online by the Verizon website Hewitt.Com prior to her death.

On February 10, 2003 Theresa, in my presence and assistance completed the Hewitt.com retirement application a laptop computer in her hospital room.
When Theresa clicked the RETIRE NOW link and filled in the required information she believed that she entered into a binding agreement with Verizon and also irrevocable by Verizon.
Although a later date for actual retirement was selected Theresa believed that her "papers were in" and her family would be protected from reductions in the event that anything would happen to her. We were never informed on the Hewitt site or Theresa's manager that any further action would be required by Theresa in order to retire.
Theresa went into a seizure on February 16, 2003 and did not recover.

Reducing Theresa's retirement to 65% is not applicable because a contract was made between Theresa and Verizon on the Hewitt.com website. The offer to retire was made by Verizon. Theresa completed acceptance on the Hewitt.com website February 10, 2003.

A copy of the Hewitt.com web page is enclosed as a supporting document.

I am requesting that Verizon review this matter and arrange to make payment of the full cashout pension to Theresa's estate for the unreduced amount that Verizon agreed to on the date the contract was made.

Sincerely,

Phillip A. Kawa

V00394

Page 1 of 1

Your Benefits Resources - Pension

## Your Benefits Resources℠

**Topics**

Health. Insurance...

Pension

Personal Data/
Beneficiaries

Life Events

Benefits Manual

Other Sites

**Tools**

Your Secure Mailbox

Your Recent
Requests

Your Favorites

Contact Us

---

## Pension

### Plan Ahead for Retirement

- Project Your Retirement
  Income
- View Your Saved
  Projections
- Your Key Benefit
  Payment Dates

**Learn More**

- Benefits Manual -
  Pension
- How to Choose the Best
  Form of Payment

### Get Ready to Retire

- Preparing to Retire in the
  Next Few Years
- Understanding Social
  Security Retirement
  Benefits

- How Benefits Are
  Calculated
- Current and Future
  Interest Rates

---

verizon   (LOG OFF)

How to Print This Page

### Retire

- Retirement Checklist
- Retire Now
- Change or Cancel Your
  Retirement

- Visit the Education Center
  on Harris*direct*℠

*[handwritten] This option to complete The retirement process was selected Feb 10 2003*

---

About the Site | Top Questions | Contact Us | Legal Information | Privacy Statement | Log Off
Health Insurance... | Pension | Personal Data/Beneficiaries | Life Events | Other Sites

Copyright © 1997-2003 Hewitt Management Company LLC

https://lb32.resources.hewitt.com/sg1dgp7/tbiappt200/TbiaTrnsPage?nodeId=PensionPage&u=1053356441165&lIId=global&l...    5/19/2003

Phillip Kawa
61 Curtis Circle
East Weymouth, MA 02189-3067

Verizon Claims Review Committee
c/o Verizon Claims Review Unit
Post Office Box 1438
Lincolnshire, IL 60069-1438

August 5, 2003

RETIREMENT PENSION APPEAL

Dear Sir or Madam,

I received your letter dated July 29, 2003. After reviewing your statement and the copy of Article VII that you enclosed I wish to further appeal the decision of the Claims Review Unit on the grounds that the information provided by the Claims Unit is inaccurate and incorrect. Article VII does not apply to the case of Theresa Kawa mainly because Theresa was not on the payroll of the Participating Company (Verizon) and her separation was not due to her death.

Beginning May 5, 2002 and until Theresa's death in February 23, 2003 Theresa received insurance benefits administrated by Aetna Insurance Company paid by Verizon as a self-insured company. Insurance benefits are not considered to be payroll. This benefit is allowed to be paid until it is exhausted which may have led the Claims Committee that Theresa was still on the payroll.

More importantly, I wish to state that on July 17, 2002 Theresa applied for and was granted the EIPP (Enhanced Income Protection Plan) and her "Off the Payroll' Date was August 17, 2002. A copy of Theresa's EIPP acceptance letter from Verizon is enclosed.

Please review these facts and new information. I am confident that you will agree that the 65-Percent Reduced Pension rule as defined in Article VII does not apply because as previously stated, Theresa was not on the payroll of the Participating Company (Verizon) and her separation was not due to her death.

Sincerely,

*Phillip Kawa*

Phillip Kawa

V00403