UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CIVIL ACTION

_____
                                                    )
PHILLIP A. KAWA,                                    )
                                                    )
            Plaintiff,                              )
                                                    )
      v.                                            )        Civil Action No. 04-11952 MLW
                                                    )
VERIZON COMMUNICATIONS INC.,                        )
                                                    )
            Defendant.                              )
_____             )

<u>MEMORANDUM IN SUPPORT OF</u>
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

Frederick G. Sandstrom (admitted *pro hac vice*)*
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401
202-662-5000
202-778-5499 (Facsimile)

Attorney for Defendant Verizon Communications Inc.

* Admitted to the Bar of the State of Illinois.  District
of Columbia admission pending.  Practice supervised
by principals of the firm.

September 30, 2005

## TABLE OF CONTENTS

BACKGROUND FACTS ................................................................................................. 1

    A.    Phillip and Theresa Kawa ............................................................................ 1

    B.    The Verizon Pension Plan for New York and New England
           Associates .................................................................................................... 2

    C.    Plaintiff Philip Kawa's Administrative Benefits Claim and Appeal ...................... 3

    D.    Plaintiff's Federal Lawsuit ......................................................................... 5

STANDARD OF REVIEW ........................................................................................... 6

SUMMARY JUDGMENT STANDARD ...................................................................... 7

LEGAL ARGUMENT ................................................................................................... 7

I.    Summary Judgment Should be Granted to Defendant Because The Claims
    Review Committee Correctly Determined That Plaintiff is Entitled to the
    Survivor Portion of a 65-Percent Joint and Survivor Annuity ............................ 7

    A.    The Verizon Claims Review Committee Properly Concluded that
           Theresa Kawa Did Not Commence her Pension Benefits Prior to
           her Death ...................................................................................................... 8

           1.    Theresa Kawa Died Prior to Her Annuity Starting Date ............................ 8

           2.    The Claims Review Committee Properly Rejected
                   Plaintiff's Argument That Theresa Kawa Commenced Her
                   Pension Benefit Prior to Death .............................................................. 10

    B.    The Verizon Claims Review Committee Properly Concluded That
           Theresa Kawa's Estate Is Not Entitled to Receive a Pension
           Benefit ......................................................................................................... 12

    C.    The Verizon Claims Review Committee Properly Concluded That
           Phillip Kawa is Entitled to the Survivor Portion of a 65-Percent
           Joint and Survivor Annuity ........................................................................ 12

CONCLUSION ............................................................................................................. 17

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)...................................................7

*Leahy v. Raytheon Co.*, 315 F.3d 11 (1st Cir. 2002) ................................................6, 7

*Liston v. UNUM Corp. Officer Severance Plan*, 330 F.3d 19 (1st Cir. 2003) ...........6, 7

*McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313 (1st Cir. 1990) ..............................7

*Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29 (1983)................................................................................................6

*Terry v. Bayer Corp.*, 145 F.3d 28 (1st Cir. 1998) ........................................................6

### FEDERAL STATUTES AND RULES

ERISA, 29 U.S.C. § 1001 *et seq*....................................................................................1

ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ...............................................7

Fed. R. Civ. P. 56(c) .......................................................................................................7

This is an action brought by plaintiff Philip Kawa pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff's complaint alleges that he is entitled to a lump sum benefit of $210,724.00 from the Verizon Pension Plan for New York and New England Associates (the "Verizon Plan") as the husband and surviving beneficiary of Theresa Kawa, a former Verizon employee.

Defendant Verizon Communications Inc. ("Verizon") now moves for summary judgment, and submits this memorandum in support of that motion. As discussed more fully below, Verizon's determination that plaintiff is entitled, as Ms. Kawa's beneficiary, to a death benefit equal to the survivor portion of a 65-percent joint and survivor annuity was neither arbitrary nor capricious, and was in fact the correct determination under the terms of the Verizon Plan.

## BACKGROUND FACTS

Defendant hereby incorporates its statement of undisputed facts, submitted pursuant to Local Rule 56.1, and provides the following synopsis as background to the legal analysis set forth in this memorandum.

### A.    Phillip and Theresa Kawa

Plaintiff Phillip Kawa is the husband of Theresa Kawa, a former non-management employee of defendant Verizon Communications Inc. Ms. Kawa began working for a Verizon predecessor company on September 20, 1973. (Ex. A10, at V00377). As a non-management employee working for a plan participating company, Ms. Kawa was eligible to accrue benefits under the Verizon Plan. (Ex. A6, §§ 2.27, 2.47, 3.1, at V00016, V00022, V00027). Plaintiff is Ms. Kawa's beneficiary under the Verizon Plan. (Ex. A6, § 2.12, at V00014; Pl.'s Compl. ¶ 4).

During her employment, Ms. Kawa was a member of the International Brotherhood of Electrical Workers ("IBEW"), a union that represents Verizon employees in New

England. (Ex. A8, at V00345). On July 17, 2002, Ms. Kawa volunteered to participate in the Enhanced Income Protection Plan ("EIPP"), a voluntary severance program offered by Verizon to New England IBEW-member employees. (*Id.*). Verizon accepted Ms. Kawa for EIPP participation on August 14, 2002. (Ex. A4, at V00328). Under the terms of the acceptance, Ms. Kawa's last day on Verizon's payroll was to be August 17, 2002. (*Id.*; Ex. A8, at V00345). However, Ms. Kawa remained classified as an active Verizon employee until her death on February 23, 2003. (Ex. A9, at V00358-59; Ex. B, Lonero Decl., ¶ 5).

Verizon has a long-standing unwritten policy that New England IBEW-member employees who accept severance under an income protection program, but who are receiving short-term disability payments as of their scheduled severance date, remain on Verizon's active payroll until they exhaust their short-term disability benefits. (Ex. A9, at V00359; Ex. B., Lonero Decl., ¶ 4). Ms. Kawa began receiving short-term disability benefits from Verizon on May 5, 2002. (Ex. A4, at V00327; Ex. A10, at V00378). Ms. Kawa continued to receive these benefits until her death. (*Id.*).

On February 10, 2003, Theresa Kawa began her pension commencement process on Verizon's "Your Benefits Resources" website, which is administered for Verizon by Hewitt Associates. (Ex. A2, at V00338; Ex. C, Fish Decl., ¶¶ 6-7; Ex. C2, at V00353). Ms. Kawa elected a last day on Verizon's payroll of May 4, 2003, and an Annuity Starting Date of May 5, 2003. (Ex. C, Fish Decl., ¶¶ 8-9; Ex. C2, at V00353).

**B.    The Verizon Pension Plan for New York and New England Associates**

At the time of her death, Theresa Kawa was eligible to receive a service pension under the Verizon Plan. (Ex. A6, § 4.1, ex. IV, at V00028, V00094-V00100). Subsequent to Ms. Kawa's death, plaintiff commenced receipt of a 65%-percent joint and survivor annuity,

effective February 24, 2003, as Ms. Kawa's surviving beneficiary.  (Ex. A5, at V00320-21; Ex.
C1, at V00409).

       The Verizon Plan contains an internal benefit claims review procedure for
participants and beneficiaries who contend they are owed benefits under the terms of the Plan.
(Ex. A6, §§ 14.4, 14.5, at V00077-78).  Under this procedure, a participant or beneficiary is
required to submit his claim for benefits in writing to the Verizon Claims Review Unit,
explaining why he believes he is entitled to receive particular retirement benefits, and providing
any documentation that he believes supports his claim.  (*Id.*, §§ 2.16, 14.4, 14.5, at V00014,
V00077-78; Ex. A, Fish Decl., ¶ 3).  If this initial claim is partly or completely denied, the
participant or beneficiary may file an appeal with the Verizon Claims Review Committee.  (*Id.*,
§§ 2.5, 14.4, 14.5, at V00010-11, V00077-78).

       The Verizon Plan confers upon the Claims Review Unit and the Claims Review
Committee "full discretion . . . to interpret the Plan and resolve ambiguities therein."  (*Id.*,
§ 14.4, at V00077).  This power includes the discretion "to determine whether a claimant is
eligible for benefits," and "to decide the amount, form, and timing of benefits."  (*Id.*).

**C.**    **Plaintiff Philip Kawa's Administrative Benefits Claim and Appeal**

       In May 2003, plaintiff made use of the administrative claims review procedure by
filing a benefits claim with the Verizon Claims Review Unit.  (Ex. A1, at V00341-44).  Plaintiff
amended his claim in June 2003, and submitted further documentation in support of his claim.
(Ex. A2, at V00336-40).  Plaintiff challenged Verizon's determination that, under the terms of
the Verizon Plan, he was entitled as Theresa Kawa's beneficiary to the survivor portion of a 65-
percent joint and survivor annuity.  (Ex. A1, at V00344; Ex. A2, at V00338).  Plaintiff asserted
that because Ms. Kawa had begun the pension commencement process on Verizon's "Your
Benefits Resources" website prior to her death, Ms. Kawa's estate was entitled to the lump sum

value of her accrued pension benefit. (*Id.*). Plaintiff thus demanded payment "of the full cashout pension to [Ms. Kawa's] estate for the unreduced amount that Verizon agreed to on the date the contract was made." (*Id.*).

After obtaining and reviewing information relevant to plaintiff's claim, the Verizon Claims Review Unit denied plaintiff's request. (Ex. A3, at V00396-V00402). In a July 29, 2003 letter, the Claims Review Unit explained that because Theresa Kawa's separation from service occurred due to her death, plaintiff's death benefit as Ms. Kawa's beneficiary was properly calculated as the survivor portion of a 65-percent joint and survivor annuity. (*Id.*). Specifically, the letter explained that under Article VII of the Verizon Plan, plaintiff was eligible to receive a monthly annuity equal to the amount plaintiff would have received following Theresa Kawa's death if Ms. Kawa "had commenced an unreduced Service Pension on the day following her Separation From Service, in the form of a Qualified 65-Percent Joint and Survivor Annuity." (*Id.*, at V00401; Ex. A6, § 7.1(c), at V00054-56).

On August 5, 2003, plaintiff appealed the denial of his request for additional benefits. (Ex. A4, at V00327-35). Plaintiff contended the Claims Review Unit had incorrectly concluded that Theresa Kawa was on the Verizon payroll as of the date of her death. (*Id.*, at V00327). Plaintiff thus asserted that "the 65-Percent Reduced Pension rule as defined in Article VII does not apply because as previously stated, [Kawa] was not on the payroll of the Participating Company (Verizon) and her separation was not due to her death." (*Id.*).

Plaintiff's appeal was denied by the Verizon Claims Review Committee on November 10, 2003. (Ex. A5, at V00320-25). In a six-page decision letter, the Committee reviewed both the assertions raised in plaintiff's initial claim for benefits, and the new claim raised in plaintiff's appeal letter. (*Id.*). First, the Committee analyzed whether Theresa Kawa

was entitled to receive a full lump sum pension prior to her death. (*Id.*, at V00321-23). The Committee determined that Ms. Kawa was not entitled to receive a lump sum benefit because she died prior to her Annuity Starting Date. (*Id.*). Second, the Committee considered plaintiff's right to a death benefit as Ms. Kawa's surviving beneficiary. (*Id.*, at V00323-25). The Committee determined that because Theresa Kawa was an active Verizon employee as of the date of her death, Plaintiff's death benefit was correctly calculated under Article VII of the Verizion Plan as the survivor portion of a 65-percent joint and survivor annuity, unreduced for early payment. (*Id.*; Ex. A6, § 7.1(c), at V00054-56).

### D.    Plaintiff's Federal Lawsuit

Plaintiff now challenges Verizon's determination that he is not entitled to an full lump sum survivor pension as the beneficiary of Theresa Kawa. Plaintiff's complaint alleges that the lump sum value of the survivor pension to which the Verizon Claims Review Committee determined he was entitled is only 65-percent of the actual benefit to which he was entitled. (Pl.'s Compl., ¶¶ 8-14). Plaintiff asserts that the Committee erred in concluding that Ms. Kawa was on Verizon's payroll as of the date of her death. (*Id.*, ¶¶ 12-13). Plaintiff contends that because of this allegedly incorrect determination, the Committee under-calculated the value of his survivor benefit.[1] (*Id.*, ¶ 14).

---

[1] Plaintiff's complaint appears to seek a lump sum pension benefit. (Pl.'s Compl. ¶¶ 9-11m 14). Plaintiff also sought a lump sum benefit in both his initial benefits claim to the Claims Review Unit and his appeal to the Claims Review Committee. (Ex. A1, at V00344; Ex., A2, at V00338; Ex. A4, at V00327). However, plaintiff has already commenced receipt of an annuity form of benefit, effective February 24, 2003. (Ex. A5, at V00320-21; Ex. C1, at V00409). Under the terms of the Verizon Plan, plaintiff may not now change his payment option to a lump sum form. (Ex. A6, §§ 6.4, 7.1(c)(3)(B), at V00048, V00055-56).

## STANDARD OF REVIEW

The Verizon Claims Review Committee's determination that plaintiff is only entitled, as Theresa Kawa's beneficiary, to the survivor portion of a 65-percent joint and survivor annuity is reviewed under a highly deferential "arbitrary and capricious" standard. This standard applies where, as here, a plan confers discretionary authority upon the plan fiduciary to determine participants' eligibility for benefits and to construe the terms of the plan. *See Terry v. Bayer Corp.*, 145 F.3d 28, 37 (1st Cir. 1998). In this case, the Verizon Plan confers discretionary authority upon the Verizon Claims Review Unit and the Verizon Claims Review Committee because it delegates to these entities "full discretion . . . to interpret the Plan and resolve ambiguities therein." (Ex. A6, §§ 2.5, 2.16, 14.4, at V00010-11, V00014, V00077). This discretion includes the power "to make factual determinations," the power "to determine whether a claimant is eligible for benefits," as well as the power "to decide the amount, form, and timing of benefits." (*Id.*, § 14.4, at V00077).

Under the highly deferential "arbitrary and capricious" standard of review applicable here, a reviewing court asks only whether a plan fiduciary's decision "is plausible in light of the record as a whole, or, put another way, whether the decision is supported by substantial evidence in the record." *Leahy v. Raytheon Co.*, 315 F.3d 11, 17 (1st Cir. 2002) (internal citations omitted). In other words, the fiduciary's decision may not be overturned unless the fiduciary's "action on the record before [it] was unreasonable." *Liston v. UNUM Corp. Officer Severance Plan*, 330 F.3d 19, 24 (1st Cir. 2003). Furthermore, a reviewing court may not substitute its own judgment for that of the plan fiduciary. *Terry*, 145 F.3d at 40 ("It is, of course, the hallmark of such review that 'a court is not to substitute its judgment for that of the [decision-maker].") (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983)).

-6-

This Court's review of the determination that plaintiff is entitled to a death benefit equal to the survivor portion of a 65-percent joint and survivor annuity is limited to the administrative record that was before the Verizon Claims Review Committee when it made its determination. *See Liston*, 330 F.3d at 23-24; *Leahy*, 315 F.3d at 17.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper with respect to a claim or defense where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1990). Where, as here, the non-moving party bears the burden of proving his claim, he can avoid summary judgment only if he is able to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In assessing whether a material fact is subject to a genuine dispute, a court should employ a standard essentially identical to that governing a Motion for a Directed Verdict under Rule 50(a). *Id.* If a rational fact finder could not find in favor of the non-moving party, summary judgment should be granted to the moving party. *Id.* at 250-51.

## LEGAL ARGUMENT

**I.    Summary Judgment Should be Granted to Defendant Because The Claims Review Committee Correctly Determined That Plaintiff is Entitled to the Survivor Portion of a 65-Percent Joint and Survivor Annuity**

Although plaintiff's complaint does not so state, plaintiff's action arises under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). That section provides a plan beneficiary with a cause of action "to recover benefits due . . . under the terms of [a] plan." Pursuant to this provision, plaintiff is attempting to obtain an unreduced survivor pension on the theory that Theresa Kawa was entitled to receive a full vested pension benefit prior to the date of her death. Plaintiff's claim fails under the terms of the Verizon Plan.

The Verizon Claims Review Committee considered plaintiff's request for an unreduced survivor pension, and rejected that claim on the ground that Theresa Kawa died prior to her Annuity Starting Date. The Committee correctly concluded that Ms. Kawa did not commence her pension benefit (i.e. did not have an Annuity Starting Date) under the Verizon Plan prior to the date of her death. Because Ms. Kawa did not commence her pension benefit prior to death, under the terms of the Verizon Plan her estate is not entitled to receive a benefit. Therefore, the Committee also correctly concluded that plaintiff's benefit as Ms. Kawa's surviving beneficiary is governed by the death benefit provisions of the Verizon Plan. The benefit payable to plaintiff is the survivor portion of a 65-percent joint and survivor annuity.

The Committee's determination is entitled to deference, and can only be set aside if "arbitrary and capricious," because the Verizon Plan confers discretionary authority upon the Claims Review Committee to rule on benefit claims and to interpret the Plan. *See supra* pp. 4, 6-7. In this case, there is nothing remotely "arbitrary" or "capricious" about the Committee's straightforward determination that plaintiff is only entitled to the survivor portion of a 65-percent joint and survivor annuity. Accordingly, summary judgment should be granted in favor of the defendant.

**A.    The Verizon Claims Review Committee Properly Concluded that Theresa Kawa Did Not Commence her Pension Benefits Prior to her Death.**

**1.    Theresa Kawa Died Prior to Her Annuity Starting Date**

Benefits payments under the Verizon Plan commence on a participant's Annuity Starting Date. (Ex. A6, § 2.4, at V00010; Ex. A5, at V00321). According to the terms of the plan, "[u]nless an earlier Annuity Starting Date has been elected by the Participant, payment of a Service Pension shall commence on the *later of* the Participant's Normal Retirement Age or the day following his or her Separation From Service." (Ex. A6, § 4.1(b), at V00028 (emphasis

added)).  For employees, such as Ms. Kawa, who have participated in the Plan for at least five years, the Plan defines "Normal Retirement Age" as age 65.  (*Id.*, § 2.44, at V00022).

Certain plan participants may also elect an earlier Annuity Starting Date.  (Ex. A5, at V00321).  One such group of participants consists of IBEW-New England employees who left Verizon's employment between March 1, 2001 and January 1, 2004, and were eligible for either a service pension or a deferred vested pension as of the date of their separation from service.  (Ex. A6, § 6.11(a)(1), at V00050).  Because Theresa Kawa was eligible for a service pension, she could elect to have her pension "begin on an Annuity Starting Date that is the day following . . . her Separation From Service."  (*Id.*, § 6.11(b), at V00051).

When Theresa Kawa elected voluntary severance under the EIPP, Verizon assigned her a last day on the payroll of August 17, 2002.  (Ex. A4, at V00328; Ex. A8, at V00345).  On that date, she was also receiving short-term disability payments from Verizon.  (Ex. A4, at V00327; Ex. A10, at V00378).  The Verizon Plan provides a coordination rule for participants who are eligible to commence a pension, but who also are receiving short-term disability benefits.  (Ex. A6, §§ 4.3(e), 6.11(c)(2)(F), at V00031, V00053).  As explained by the Claims Review Committee, under this rule, Theresa Kawa could elect from one of two options regarding her Annuity Starting Date.  (Ex. A5, at V00321-22).  First, she could choose to separate from service with an Annuity Starting Date of August 18, 2002, or any later date prior to the exhaustion of her disability benefits.  (Ex. A6, § 6.11(c)(2)(F)(i), at V00053).  Election of this option would require Theresa Kawa to discontinue receipt of her short-term disability benefits as of her Annuity Starting Date.  (*Id.*, § 4.3(e), at V00031).  Alternatively, she could select as an Annuity Starting Date the day following exhaustion of her short-term disability

benefits. (*Id.*, § 6.11(c)(2)(F)(ii), at V00053). Because her disability benefits were due to end on May 4, 2003, Theresa Kawa's Annuity Starting Date under this option would be May 5, 2003.

Theresa Kawa initiated her pension commencement process on February 10, 2003. On that date, she accessed the "Your Benefits Resources" website, which Hewitt Associates administers for Verizon. (Ex. C, Fish Decl., ¶ 7; Ex. C2, at V00353). On this website, Ms. Kawa selected an off-payroll date of May 4, 2003. (Ex. C, Fish Decl., ¶ 8; Ex. C2, at V00353). She also selected an Annuity Starting Date of May 5, 2003. (Ex. C, Fish Decl., ¶ 9; Ex. C2, at V00353). Thus, pursuant to her own election, Ms. Kawa had not reached her Annuity Starting Date prior to her February 23, 2003 death.[2]

### 2.   The Claims Review Committee Properly Rejected Plaintiff's Argument That Theresa Kawa Commenced Her Pension Benefit Prior to Death

In his initial benefits claim letter, plaintiff asserted that when Theresa Kawa accessed the "Your Benefits Resources" website and selected an Annuity Starting Date, Ms. Kawa "believed that she entered into a binding agreement with Verizon and also irrevocable by Verizon." (Ex. A1, at V00344; Ex. A2, at V00338). Plaintiff further asserted that "[a]n offer and acceptance was completed through the ['Your Benefits Resources'] website on February 10, 2003." (Ex. A1, at V00344).

Plaintiff's contention misconstrues the benefit commencement process. As the Claims Review Committee explained, pension benefits under the Verizon Plan cannot commence

---

[2] Furthermore, Ms. Kawa could not elect an Annuity Starting Date prior to the exhaustion date for her short-term disability benefits without first discontinuing her short-term disability payments. (Ex. A6, § 4.3(e), at V00031). Ms. Kawa continued to receive short-term disability payments until her death. (Ex. A4, at V00327; Ex. A10, at V00378). Thus, under Verizon Plan section 4.3(e) her Annuity Starting Date could not have been prior to the date of her death. (Ex. A6, § 4.3(e), at V00031).

until a participant submits a written pension application and that pension application is approved by the Plan's Benefit Administrator. (Ex. A5, at V00322). This requirement is set forth both in the plain language of the Verizon Plan, and in the Summary Plan Description. (Ex. A6, § 6.12, at V00053; Ex. A7, at V00289).

A participant begins the benefit commencement process by selecting an Annuity Starting Date. (*See generally* Ex. A7, at V00289). The Benefit Administrator is then required to provide the pension application, and a notice informing the participant of her pension options, within 30 to 90 days prior to the participant's selected Annuity Starting Date. (Ex. A6, § 6.3, at V00047-48). As explained by the Claims Review Committee, this application includes certain mandatory paperwork that must be completed by the participant prior to pension commencement. (Ex. A5, at V00322). This paperwork includes an election of the form of benefit payment, and a form for spousal consent to a method of payment other than a 50-percent joint and survivor annuity, the automatic form of pension payment under the Verizon Plan. (Ex. A6, §§ 6.2, 6.4-6.5, at V00047, V00048-49).

When she accessed the "Your Benefits Resources" website on February 10, 2003, Theresa Kawa selected an Annuity Starting Date of May 5, 2003. (Ex. C, Fish Decl., ¶ 9; Ex. C2 at V00353). The Benefit Administrator was thus required to provide Ms. Kawa with the benefit commencement paperwork between 30 and 90 days prior to May 5, 2003. (Ex. A6, § 6.3, at V00047-48). According to Verizon's records, this paperwork was scheduled to be mailed to Ms. Kawa on March 10, 2003 – 56 days prior to May 5, 2003. (Ex. C, Fish Decl., ¶¶ 11, 13; Ex. C3, at V00354). Because Ms. Kawa had neither received nor completed this paperwork at the time of her death, she had not completed the benefit commencement process. (Ex. A6, § 6.12, at V00053). Even if she had received and completed this paperwork, she still died before her

selected Annuity Starting Date. Therefore, she could not have commenced her pension benefit prior to her death. [3]

**B.    The Verizon Claims Review Committee Properly Concluded That Theresa Kawa's Estate Is Not Entitled to Receive a Pension Benefit**

The Claims Review Committee also correctly concluded that Ms. Kawa's estate was not entitled to receive a pension benefit. (Ex. A5, at V00321-23). Article VII of the Verizon Plan governs benefit determinations for participants who die before their Annuity Starting Date. (Ex. A6, §§ 7.1, 7.2, at V00053-60; *see also* Ex. A7, at V00291-92). Under this Article, participants who die prior to their Annuity Starting Date are not entitled to have a benefit paid to their estate. (Ex. A6, §§ 7.1(c), 7.2(c), at V00054-60). However, their beneficiaries are entitled to receive a death benefit from the Verizon Plan. (*Id.*, §§ 7.1(c)(1), 7.2(c)(1), at V00055, V00057-58).

**C.    The Verizon Claims Review Committee Properly Concluded That Phillip Kawa is Entitled to the Survivor Portion of a 65-Percent Joint and Survivor Annuity**

Because Theresa Kawa died prior to her Annuity Starting Date, Article VII of the Verizon Plan entitled Plaintiff to receive a death benefit as Mrs. Kawa's surviving beneficiary. (*Id.*, Art. VII, at V00053-60). The Claims Review Committee correctly determined that this benefit was the survivor portion of a 65-percent joint and survivor annuity, unreduced for early commencement. (Ex. A4, at V00325; Ex. A6, § 7.1(c)(4), at V00056; Ex. A7, at V00291).

---

[3] The Verizon Plan's Summary Plan Description ("SPD") also describes the requirement that plan participants complete and return the benefit commencement paperwork prior to the commencement of their pension benefit. The SPD explains to participants that "[i]n general, your pension benefits will not be paid automatically after you separate from active service." (Ex. A7, at V00289). "You should apply for your benefits a few months prior to your planned benefit starting date. You must call the benefits administrator to request the necessary forms. It is recommended that you complete and return the forms as soon as possible, but no sooner than 90 days before the date you want payments to begin." (*Id.*).

Plaintiff asserts that the Claims Review Committee incorrectly assumed that Ms. Kawa was an active Verizon employee as of the date of her death. (Pl.'s Compl., ¶¶ 12-13). Plaintiff points to the fact that Ms. Kawa was accepted into the EIPP with an off-payroll date of August 17, 2002. (*Id.*, ¶ 13). However, Verizon has a long-standing policy that, unless an associate affirmatively elects otherwise, IBEW-New England associates receiving short-term disability payments do not separate from service under an income protection plan until they exhaust their short-term disability benefits. (Ex. B, Lonero Decl., ¶ 4). The purpose of this policy is to maximize benefits available to Verizon New England associates under all available benefit programs and plans. (*Id.*) The Claims Review Committee confirmed this policy with Verizon's manager for New England Labor Relations. (Ex. A9, at V00359).

Under this policy, Ms. Kawa presumptively remained on Verizon's active payroll through May 4, 2003, when she would have exhausted her short-term disability benefits. (Ex. B, Lonero Decl., ¶¶ 5). And despite this policy, Ms. Kawa did not affirmatively inform Verizon that she wished to be removed from the active payroll prior to May 4, 2003. To the contrary, May 4, 2003 is the precise off-payroll date that Ms. Kawa's elected when she commenced her pension initiation process through the "Your Benefits Resources" website. (Ex. C, Fish Decl., ¶¶ 8-9; Ex. C2, at V00353). Therefore, the Claims Review Committee did not act arbitrarily in determining that Ms. Kawa was an active Verizon employee on February 23, 2003, the date of her death.

More importantly, plaintiff's argument is a red herring. Regardless of Theresa Kawa's payroll status at death, plaintiff is only entitled to a death benefit equal to the survivor portion of a 65-percent joint and survivor annuity. (*Compare* Ex. A6, § 7.1(c)(4), at V00056, *with* Ex. A6, § 7.2(c)(4), at V00059). Indeed, plaintiff is entitled to a *larger* benefit under the

Claims Review Committee's determination of Ms. Kawa's employment status than under his own formulation. The Committee explained this fact in its denial of plaintiff's benefit appeal. (Ex. A5, at V00325 ("The death benefit that would have been payable if Ms. Kawa had separated from service before the date of her death is also the survivor portion of a 65-percent joint and survivor annuity, but is subject to reductions for payment before Ms. Kawa's earliest retirement age.")).

Ms. Kawa was an active Verizon employee after August 6, 2000, and she died after January 1, 2001. Thus, under the Claims Review Committee's interpretation of Ms. Kawa's employment status at the time of her death, Verizon Plan section 7.1(c)(4) controls the calculation of plaintiff's death benefit. (Ex. A6, § 7.1(c)(4), at V00056). Under section 7.1(c)(4), plaintiff is entitled to receive either the survivor portion of a 65-percent joint and survivor annuity, or a lump sum equal to the actuarial equivalent present value of that annuity. (*Id.*). Importantly, this annuity is unreduced for early commencement.[4] (*Id.*) This is precisely

---

[4] Verizon Plan section 7.1(c) states, in relevant part:

 (c) **Separation From Service Due to Death Occurring On or After January 1, 2001 For a Participant Who is an Eligible Employee On or After August 6, 2000.** The following provisions apply in the case of a Vested Participant who is an Eligible Employee at some time on or after August 6, 2000 and whose Separation From Service occurs due to death on or after January 1, 2001:

 . . .

 (4) **Amount.** The following provisions shall determine the amount of any payment to be made to a Beneficiary under this section 7.1(c):

  (A) **Annuity Payment Amount.** The amount of each monthly annuity payment shall be equal to the amount the Beneficiary would have received following the Participant's death, if –

(continued...)

the benefit to which the Claims Review Committee determined plaintiff was entitled as Ms. Kawa's surviving beneficiary.  (Ex. A5, at V00325).

Under plaintiff's assertion that Ms. Kawa was not on Verizon's active payroll at death, plaintiff's death benefit would instead be calculated under Verizon Plan section 7.2(c)(4), which describes the death benefit payable when a participants dies after separation from service but before her Annuity Starting Date.  (Pl.'s Compl. ¶ 13; Ex. A6, § 7.2(c)(4), at V00059-60). As recognized by the Claims Review Committee, plaintiff's benefit under section 7.2(c)(4) would be the same 65-percent percent joint and survivor annuity (or an actuarial equivalent lump sum) that plaintiff is currently receiving under section 7.1(c)(4).  (Ex. A5, at V00325).  However, this annuity would be subject to reduction for early commencement, unless plaintiff deferred

---

    (i)    the Participant's Separation From Service had occurred on the day of his or her death,

    (ii)    the Participant had been eligible for and commenced receipt of an ***unreduced*** Service Pension on the day following such Separation From Service, ***in the form of a Qualified 65-Percent Joint and Survivor Annuity*** . . . .

    (B)    **Lump Sum Payment Amount.**  The lump sum payable to a Beneficiary under this section 7.1(c) shall equal the actuarial equivalent present value . . . of the monthly annuity otherwise payable to the Beneficiary . . . as determined under section 7.1(c)(4)(A) . . . .

(Ex. A6, § 7.1(c), at V00054, V00056 (emphases added)).

receipt of the annuity until a date corresponding to Ms. Kawa's earliest retirement age.[5]  (Ex. A6, § 7.2(c)(4), at V00059-60; Ex. A5, at V00325).

---

[5] Section 7.2(c) of the Verizon Plan states, in relevant part:

(c)     **Death After Separation From Service Occurring On or After August 6, 2000 – With Death Occurring On or After January 1, 2001.**  The following provisions apply in the case of a Vested Participant whose last day as an Eligible Employee occurred on or after August 6, 2000 and who dies after Separation From Service and on or after January 1, 2001 and prior to his or her Annuity Starting Date.

. . .

(4)     **Amount.**  The following provisions shall determine the amount of any payment to be made to a Beneficiary under this section 7.1(c):

(A)     **Annuity Payment Amount.**  The amount of each monthly annuity payment shall be equal to the amount the Beneficiary would have received following the Participant's death, if –

(i)     the Participant had survived and commenced receipt of a *Qualified 65-Percent Joint and Survivor Annuity* . . . on the Beneficiary's Annuity Starting Date, *applying [reductions] to reduce benefits for commencement dates prior to Earliest Retirement Age*, and

(ii)     died on the day following the Beneficiary's Annuity Starting Date.

(B)     **Lump Sum Payment Amount.**  The lump sum payable to a Beneficiary under this section 7.2(c) shall equal the actuarial equivalent present value . . . of the monthly annuity otherwise payable to the Beneficiary . . . as determined under section 7.2(c)(4)(A) . . . .

(Ex. A6, § 7.2, at V00057, V00059-60 (emphases added)).

Therefore, regardless of whether plaintiff's death benefit is calculated under section 7.1(c)(4) or section 7.2(c)(4), plaintiff is only entitled to receive the 65-percent joint and survivor annuity (or actuarial equivalent lump sum) that the Claims Review Committee determined he should receive under the terms of the Verizon Plan.

## CONCLUSION

For the foregoing reasons, this Court should grant defendant a summary judgment on Phillip Kawa's complaint.

/s/ Frederick G. Sandstrom
Frederick G. Sandstrom (admitted *pro hac vice*)*
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401
202-662-5000
202-778-5499 (Facsimile)

Attorney for Defendant Verizon Communications Inc.

* Admitted to the Bar of the State of Illinois.  District of Columbia admission pending.  Practice supervised by principals of the firm.

September 30, 2005

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Memorandum in Support of

Defendant's Motion for Summary Judgment was filed via the Court's Electronic Case Filing

system on September 30, 2005, and that a true and correct copy of same was served via Federal

Express overnight delivery on September 30, 2005, to:

> Gaetano J. DeLuca
> Attorney at Law
> 9 Early Red Circle
> Plymouth, Massachusetts 02360

/s/ Frederick G. Sandstrom
Frederick G. Sandstrom