UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 CV 11952 MLW

PHILLIP A. KAWA,             )
                             )
        Plaintiff            )
                             )
    v.                       )
                             )
VERIZON COMMUNICATIONS,      )
                             )
        Defendant            )

PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF HIS RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

In support of his Response to defendant's Motion for Summary Judgment, the plaintiff, Phillip A. Kawa, respectfully submits his Memorandum of Law.

I.  RESPONSE

A.  THE VERIZON CLAIMS REVIEW COMMITTEE DID NOT PROPERLY CONCLUDE THAT THERESA KAWA DID NOT COMMENCE HER PENSION BENEFITS PRIOR TO HER DEATH

Contrary to what the defendant argues, the Verizon Claims Review Committee did <u>not</u> properly conclude that Theresa Kawa did not commence her pension benefits prior to her death.

It is uncontroverted that Theresa Kawa elected voluntary severance under the Enhanced Income Protection Plan ("EIPP"). By Verizon letter dated August 14, 2002, Mrs. Kawa's last day on the payroll was August 17, 2002. (Exhibit D).

On that date, Mrs. Kawa began receiving short term disability payments.

Mrs. Kawa was not required to continue this short term disability benefit for any set period of time, let alone an entire year. She always had the option to elect retirement during the period in which she was receiving benefits under EIPP.

Accordingly, on February 10, 2003, Ms. Kawa exercised her right to retire as of February 10, 2003 from her Verizon employment. Ms. Kawa did this by utilizing the computerized "Hewitt System." (Exhibit G, & H, Affid. of Phillip Kawa).

When Ms. Kawa opted to retire, she did so that her retirement would become effective immediately and so that she could collect the entire amount of her $210,724.00 Pension. (Affid. of Phillip Kawa). Mrs. Kawa chose the option in the Hewitt System that said, "Retire Now." (Exhibits G & H).

It is important to note that there is nothing in the Verizon Pension Handbook, the Pension Plan or the law, which allowed Verizon to designate May, 2003 for Mrs. Kawa's Retirement to become effective.

When Mr. Kawa questioned and ultimately appealed Verizon's decision that Mr. Kawa was only entitle to receive 65% of the value of Mrs. Kawa's vested annuity, Verizon changed its reason for denying Mr. Kawa's claim.

On October 21, 2003, the Verizon Claims Review Committee found that Mrs. Kawa could not separate from service until her 52 week Short Term Disability Benefits were exhausted, thus she could not retire, even if she wanted to, until August 17, 2003. Verizon reasoning was that this was a Verizon Long Standing Policy. Again, there was nothing in writing to support this clearly invalid argument. (See Page 110 of Exhibit E).[1]

---

1. Contrary to Verizon's argument and what it states in Exhibit B, the May 5, 2003 date was never chosen by Mrs. Kawa and it is not the end of the 52 week Short Term Disability Benefit Period.

Next, to support its position, Verizon argued that Mrs. Kawa never completed the required paperwork, thus her Estate is not entitled to the lump sum benefit. (Page 3 of Exhibit H).

What Verizon has failed to consider is the fact that when a participant, such as Mrs. Kawa, utilizes the Computerized HEWITT System to retire, all required "paperwork" to secure the retirement process is completed on line.

Most importantly, when the HEWITT System was put into service, it obviated the need to complete paper transactions. Moreover, when the requirement for paper transaction to be completed (such as the submission of an application, and application approval), becomes appropriate is when there is no access to the HEWITT System or before the HEWITT System became operational.[2]

In addition, the Verizon Pension Plan Handbook (Exhibit M), which is provided to all employees, also does not contemplate the use of a computer to apply for benefits.

---
2. The NYNEX Pension Plan was established as of January 1, 1984 and renamed the Verizon Plan effective January 1, 2001. (Exhibit L). The plan does not even mention the HEWITT System.

-4-

Thus, one must conclude that the Verizon argument that Mrs. Kawa did not complete the required paperwork, is without merit and that because Mrs. Kawa utilized the HEWITT System there was no requirement to complete any further paperwork to validate her retirement and retirement date of February 10, 2003.

CONCLUSION

It is clear that the defendant's only argument regarding its refusal to pay out the full amount Mrs. Kawa's Verizon Pension Benefits is flawed and wrong as a matter of law. For this reason, the plaintiff prays that this Honorable Court grant his motion for Summary Judgment.

Dated: October 26, 2005

Respectfully submitted,

/s/ Gaetano J. DeLuca
Gaetano J. DeLuca
BBO #558872
9 Early Red Circle
Plymouth, MA 02360
(508) 224-6886

-6-