UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CIVIL ACTION

---

|  |  |  |
|---|---|---|
| PHILLIP A. KAWA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11952 MLW |
| | ) | |
| VERIZON COMMUNICATIONS INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN FURTHERANCE OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Frederick G. Sandstrom (admitted *pro hac vice*)*
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401
202-662-5000
202-778-5499 (Facsimile)

Attorney for Defendant Verizon Communications Inc.

* Admitted to the Bar of the State of Illinois.  District of Columbia admission pending.  Practice supervised by principals of the firm.

October 28, 2005

## TABLE OF CONTENTS

**BACKGROUND FACTS** ................................................................................................... 1

**STANDARD OF REVIEW** ............................................................................................. 1

**LEGAL ARGUMENT** ................................................................................................... 3

**I.**     **The Verizon Claims Review Committee Correctly Determined That Plaintiff Was Entitled to The Survivor Portion of a 65-Percent Joint and Survivor Annuity.** ......................................................................................................... 4

**II.**    **Ms. Kawa's Payroll Status at the Time of Her Death Does Not Affect The Accuracy of the Claims Review Committee's Determination.** ......................... 7

**CONCLUSION** ............................................................................................................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Brinker v. Pension Plan for Associates of Nine West Group, Inc.*, 347 F. Supp. 2d 10 (S.D.N.Y. 2004) ................................................................................................................5

*Lasche v. George W. Lasche Basic Profit Sharing Plan*, 111 F.3d 863 (11th Cir. 1997) ..............6

*Leahy v. Raytheon Co.*, 315 F.3d 11 (1st Cir. 2002).........................................................................2

*Liston v. UNUM Corp. Officer Severance Plan*, 330 F.3d 19 (1st Cir. 2003)................................2

*McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313 (1st Cir. 1990)................................................3

*Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29 (1983) ................................................................................................................2

*Terry v. Bayer Corp.*, 145 F.3d 28 (1st Cir. 1998) .........................................................................2

## FEDERAL STATUTES AND RULES

26 C.F.R. § 1.411(a)-11 .....................................................................................................................5

29 U.S.C. § 1001 *et seq.*....................................................................................................................1

29 U.S.C. § 1055(c) ...........................................................................................................................5

Fed. R. Civ. P. 56(c) .........................................................................................................................3

This is an action brought by plaintiff Philip Kawa pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*  Plaintiff's complaint alleges that he is entitled to a lump sum benefit of $210,724.00 from the Verizon Pension Plan for New York and New England Associates (the "Verizon Plan") as the husband and surviving beneficiary of Theresa Kawa, a former Verizon employee.

Plaintiff has moved for summary judgment on his complaint.  Plaintiff's motion fails to present any facts demonstrating that the Claims Review Committee acted arbitrarily and capriciously in denying his claim for an unreduced survivor benefit as Theresa Kawa's beneficiary.  To the contrary, the undisputed facts reveal that the Claims Review Committee properly followed the terms of the Verizon Plan in denying his benefit claim.  Therefore, defendant requests that the Court deny plaintiff's motion for summary judgment and grant defendant's motion for summary judgment on plaintiff's ERISA claim.

## BACKGROUND FACTS

Defendant hereby incorporates its statement of undisputed facts, submitted pursuant to Local Rule 56.1 in connection with its motion for summary judgment.  Defendant also incorporates the background synopsis included in its legal memorandum in support of its motion for summary judgment.

## STANDARD OF REVIEW

Plaintiff's Memorandum in support of his Motion for Summary Judgment ("Plaintiff's Memorandum") does not specify the standard of review applicable to challenges to ERISA benefits determinations.  The Verizon Claims Review Committee's determination that plaintiff is entitled, as Theresa Kawa's beneficiary, to the survivor portion of a 65-percent joint and survivor annuity is reviewed under a highly deferential "arbitrary and capricious" standard.

This standard applies where, as here, a plan confers discretionary authority upon the plan fiduciary to determine participants' eligibility for benefits and to construe the terms of the plan. *See Terry v. Bayer Corp.*, 145 F.3d 28, 37 (1st Cir. 1998).  In this case, the Verizon Plan confers discretionary authority upon the Verizon Claims Review Unit and the Verizon Claims Review Committee because it delegates to these entities "full discretion . . . to interpret the Plan and resolve ambiguities therein."  (Pl.'s Mot. Ex. L, §§ 2.5, 2.16, 14.4, at 3, 6-7, 71).  This discretion includes the power "to make factual determinations," the power "to determine whether a claimant is eligible for benefits," as well as the power "to decide the amount, form, and timing of benefits."  (*Id.*, § 14.4, at 71).

Under the "arbitrary and capricious" standard of review applicable here, a reviewing court asks only whether a plan fiduciary's decision "is plausible in light of the record as a whole, or, put another way, whether the decision is supported by substantial evidence in the record."  *Leahy v. Raytheon Co.*, 315 F.3d 11, 17 (1st Cir. 2002) (internal citations omitted).  In other words, the fiduciary's decision may not be overturned unless the fiduciary's "action on the record before [it] was unreasonable."  *Liston v. UNUM Corp. Officer Severance Plan*, 330 F.3d 19, 24 (1st Cir. 2003).  Furthermore, a reviewing court may not substitute its own judgment for that of the plan fiduciary.  *Terry*, 145 F.3d at 40 ("It is, of course, the hallmark of such review that 'a court is not to substitute its judgment for that of the [decision-maker].") (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983)).

This Court's review of the determination that plaintiff is entitled to a death benefit equal to the survivor portion of a 65-percent joint and survivor annuity is limited to the administrative record that was before the Verizon Claims Review Committee when the Committee made its determination.  *See Liston*, 330 F.3d at 23-24; *Leahy*, 315 F.3d at 17.

Summary judgment may only be granted with respect to a claim where "there is no genuine issue as to any material fact <u>and</u> . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1990) (emphasis added). Applying this standard, plaintiff is not entitled to summary judgment in his favor unless he can demonstrate both that there are no genuine issues of material fact, and that the administrative record reveals that the Verizon Claims Review Committee's decision was arbitrary and capricious.

## LEGAL ARGUMENT

Plaintiff presents two arguments in support of his contention that he is entitled to an unreduced survivor pension as Theresa Kawa's beneficiary under the Verizon Plan. First, plaintiff asserts that because Ms. Kawa initiated the Verizon Plan's benefit commencement process on February 10, 2003, thirteen days prior to her death, Ms. Kawa was therefore "entitled to receive the full amount of her accrued vested pension." Pl.'s Mem. at 7. Second, plaintiff asserts that the Verizon Claims Review Committee erred in determining that Ms. Kawa was an active Verizon employee as of the date of her death. Pl.'s Mem. at 7-8.

Neither of plaintiff's assertions bears on the alleged arbitrariness of the Claims Review Committee's determination, consistent with the terms of the Verizon Plan, that as Ms. Kawa's beneficiary, plaintiff is entitled to the survivor portion of a 65-percent joint and survivor annuity. *See* Defs.' Legal Mem. in Support of Mot. Summ. J., at 7-17. In reaching this conclusion the Committee acted in a reasonable manner, and followed the straightforward terms of the Verizon Plan. Plaintiff's motion for summary judgment should accordingly be denied, and defendant's motion for summary judgment should be granted.

I.     **The Verizon Claims Review Committee Correctly Determined That Plaintiff Was Entitled to The Survivor Portion of a 65-Percent Joint and Survivor Annuity.**

Because the Verizon Claims Review Committee properly concluded that Theresa Kawa died prior to commencing receipt of her benefit from the Verizon Plan, the Committee correctly determined that plaintiff's benefit as Ms. Kawa's surviving spouse and beneficiary is the survivor portion of a 65-percent joint and survivor annuity.

Benefits payments under the Verizon Plan commence on a participant's Annuity Starting Date. (Pl.'s Ex. L, § 2.4, at 2 (defining "Annuity Starting Date" as "the first day of the first period for which an amount is payable"); Pl.'s Ex. H, at 2). According to the terms of the plan, "[u]nless an earlier Annuity Starting Date has been elected by the Participant, payment of a Service Pension shall commence on the *later of* the Participant's Normal Retirement Age or the day following his or her Separation From Service." (Pl.'s Ex. L, § 4.1(b), at 21 (emphasis added)). For employees, such as Ms. Kawa, who have participated in the Plan for at least five years, the Plan defines "Normal Retirement Age" as age 65. (*Id.*, § 2.44, at 15).

The Verizon Plan contains a detailed notice and election procedure that a participant must follow if she wishes to commence receipt of her pension benefit on a date prior to the Annuity Starting Date prescribed by plan section 4.1(b). (Pl.'s Ex. L, Art. VI, at 39-47; Pl.'s Ex. M, at 41). Under this procedure, participants must first select an Annuity Starting Date, and notify the Plan's Benefit Administrator of this date. (*See* Pl.'s Ex. M, at 41). Once the participant selects an Annuity Starting Date, the Benefit Administrator must, within 30 to 90 days prior to that Annuity Starting Date, provide the participant with a pension application, and with a notice informing the participant of her options regarding the form of payment of her pension benefit. (Pl.'s Ex. L, § 6.3, at 41; Pl.'s Ex. H, at 3).

As the Claims Review Committee explained to plaintiff, the pension application contains certain mandatory paperwork that the participant must complete prior to benefit commencement.  (Pl.'s Ex. H at 3); *see also* 29 U.S.C. § 1055(c); 26 C.F.R. § 1.411(a)-11.  This paperwork includes a form for electing a method of benefit payment, as well as a form for spousal consent to a method of payment other than a 50-percent joint and survivor annuity, the automatic method of payment for married participants under the Verizon Plan.  (Pl.'s Ex. L., §§ 6.2(a), 6.4, 6.5(a), at 40-42).  Importantly, a married participant may not elect to receive her benefit by a method other than the automatic annuity (such as the lump sum benefit that plaintiff asserts Ms. Kawa elected) unless the participant's spouse signs a consent form, and such consent is witnessed by a notary public.  (*Id.*, § 6.5(a), at 42); *see also* 29 U.S.C. § 1055(c)(2)(A)(i).  Plaintiff does not assert, and the administrative record does not reveal, that Ms. Kawa completed and returned either of these benefit election and consent forms.  (Def.'s Mot. Summ. J. Ex. C, Fish Decl., ¶¶ 11, 13; Def.'s Mot. Summ. J. Ex. C3, at V0035).

This benefit commencement procedure is not unique to the Verizon Plan.  It is a process required by ERISA.  *See* 29 U.S.C. § 1055(c)(2)(A)(i) (requiring notarized spousal consent to benefit payment in a form other that a joint and survivor annuity); 26 C.F.R. § 1.411(a)-11(c)(2) (requiring participant consent prior to payment of benefits under a plan).  In denying a recent benefit claim analogous to that raised by plaintiff, one district court emphasized the mandatory nature of this procedure:  "The statutory requirements under ERISA for obtaining payment (1) prior to age 65, and (2) in any form other than an annuity are clear and are not waivable." *Brinker v. Pension Plan for Assocs. of Nine West Group, Inc.*, 347 F. Supp. 2d 10, 13 (S.D.N.Y. 2004) (holding that estate of deceased participant was not entitled under terms of plan to receive benefit because participant died prior to commencing pension benefit); *see also*

*Lasche v. George W. Lasche Basic Profit Sharing Plan*, 111 F.3d 863, 867 (11th Cir. 1997) ("Congress in enacting 29 U.S.C. § 1055(c)(2)(A) explicitly set forth certain requirements that must be followed. A person's subjective intent is irrelevant to whether these requirements were followed."). The pension application procedure described in Article VI of the Verizon Plan ensures compliance with these mandatory ERISA provisions.

Theresa Kawa initiated this benefit commencement procedure on February 10, 2003, when she accessed the "Your Benefits Resources" website that Hewitt Associates administers for Verizon. (Def.'s Mot. Summ. J. Ex. C, Fish Decl., ¶ 7; Def.'s Mot. Summ. J. Ex. C2, at V00353). Regardless of Ms. Kawa's alleged subjective intent to retire as of this date, Ms. Kawa could not have commenced receipt of her pension benefit on February 10, 2003 because she had not completed the Verizon Plan's pension application procedure. (Pl.'s Ex. H, at 3-4; Def.'s Mot. Summ. J. Ex. C., Fish Decl., ¶¶ 11-13; *Id.* Ex. C3, at V00354). As the Verizon Plan makes clear, benefit payments may only commence "after properly written application for same has been received and approved by the Benefit Administrator." (Pl.'s Ex. L, § 6.12, at 47; *see also* Pl.'s Ex. M, at 43 ("You should apply for benefits a few months prior to your planned benefit starting date. . . . If you fail to apply for your benefit or you do not provide the benefits administrator with all of the requested information, your benefits could be delayed.")).[1]

---

[1] Plaintiff appears to assert that Ms. Kawa not only intended to "retire" as of February 10, 2003, but that she also intended to commence her pension benefit as of that date. *See* Pl.'s Mem. at 6-7. Verizon's records, on which the Claims Review Committee relied, indicate that when Ms. Kawa accessed the "Your Benefits Resources" website, she selected an Annuity Starting Date of May 5, 2003. (Def.'s Mot. Summ. J. Ex. C, Fish Decl., ¶ 9; Def.'s Mot. Summ. J. Ex. C2, at V00353; Pl.'s Ex. H, at 3-4). Plaintiff contends that Ms. Kawa did not select this Annuity Starting Date, but instead that Verizon assigned that date to Ms. Kawa without her knowledge. Pl.'s Mem. at 6-7. As the above discussion shows, the actual Annuity Starting Date selected by Ms. Kawa is not essential to the Claims Review Committee's determination that Ms. Kawa did not commence receipt of her pension benefit prior to her death. (Pl.'s Ex. H, at 3). Because Ms. (continued…)

Under the Verizon Plan, participants who die prior to commencing their pension benefits are not entitled to have a benefit paid to their estate. (*See* Pl.'s Ex. L §§ 7.1(c), 7.2(c), at 48-50, 51-53). However, these participants' beneficiaries are entitled to receive a death benefit from the plan. (*Id.*, §§ 7.1(c)(1), 7.2(c)(1), at 48, 51). If a deceased participant's beneficiary is that participant's surviving spouse, the Verizon Plan prescribes that benefit is to be paid as the survivor portion of a 65-percent joint and survivor annuity, or the actuarial equivalent lump sum value of such an annuity. (*Id.*, §§ 7.1(c)(4), 7.2(c)(4), at 49-50, 53; *see also* Pl.'s Ex. M, at 43 ("The Plan provides a pension benefit to your spouse or other beneficiary . . . if you die after you earn the right to receive a pension benefit but before you start receiving payments. . . . If your beneficiary is your spouse, the benefit amount payable to your spouse is based on a 65 percent joint and survivor annuity.")).

This is precisely the benefit to which the Claims Review Committee determined that plaintiff is entitled. (*See* Pl.'s Ex. H, at 6). Because the Claims Review Committee's decision was correct under the terms of the Verizon Plan, plaintiff's motion for summary judgment must be denied, and this Court must grant defendant's motion for summary judgment.

## II.     Ms. Kawa's Payroll Status at the Time of Her Death Does Not Affect The Accuracy of the Claims Review Committee's Determination.

Plaintiff further asserts that the Claims Review Committee incorrectly determined that Ms. Kawa selected May 4, 2003 as her last day on Verizon's active payroll, and that therefore she was an active Verizon employee at the time of her death. Pl.'s Mem. at 7-8. As defendant explained in its legal memorandum in support of its motion for summary judgment,

---

Kawa did not complete, and the Plan's Benefit Administrator did not approve, her pension application before her death, Ms. Kawa's estate is not entitled to a lump sum pension benefit. (*Id.*; *see also* Pl.'s Ex. L, § 6.12, at 47; Pl.'s Ex. M, at 41).

the Claims Review Committee's determination of Ms. Kawa's payroll status was correct under a

long-standing Verizon policy for IBEW-New England associates.  Def.'s Mem. at 13.  More

importantly, Ms. Kawa's payroll status at her death does not bear in the accuracy of the Claims

Review Committee's determination of plaintiff's benefit claim.

        The Claims Review Committee considered plaintiff's assertion that Ms. Kawa

was not on Verizon's active payroll at the time of her death.  (Pl.'s Ex. H, at 6).  The Committee

determined that regardless of Ms. Kawa's payroll status, plaintiff's benefit as Ms. Kawa's

surviving spouse was properly calculated as the survivor portion of a 65-percent joint and

survivor annuity.  (*Id.*); *see also* Def.'s Mem. at 13-17 (explaining the determination of survivor

benefits under the Verizon Plan).   This determination is correct under the terms of the Verizon

Plan.  (*Compare* Pl.'s Ex. L, § 7.1(c)(4), at 49-50, *with* Pl.'s Ex. L, § 7.2(c)(4), at 53; *see also*

Pl.'s Ex. M, at 43-44).[2]

---

[2] Moreover, plaintiff is entitled to a larger benefit under the Claims Review Committee's
determination of Ms. Kawa's payroll status than he would be entitled to under his own assertion.
The benefit payable to plaintiff under the Committee's determination is unreduced for early
commencement.  (Pl.'s Ex. L, § 7.1(c)(4), at 49-50; Pl.'s Ex. M, at 43).  Had the Committee
determined, as plaintiff urges, that Ms. Kawa had separated from active service prior to her
death, plaintiff's benefit would be subject to reduction for early commencement, unless plaintiff
deferred receipt of the annuity until a date corresponding to Ms. Kawa's earliest retirement age.
(Pl.'s Ex. L, § 7.2(c)(4), at 53; Pl.'s Ex. M, at 44).

## CONCLUSION

For the foregoing reasons, this Court should deny plaintiff's motion for summary judgment and grant defendants summary judgment on plaintiff's ERISA claim.

Respectfully submitted,

/s/ Frederick G. Sandstrom
Frederick G. Sandstrom (admitted *pro hac vice*)*
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401
202-662-5000
202-778-5499 (Facsimile)

Attorney for Defendant Verizon Communications Inc.

* Admitted to the Bar of the State of Illinois.  District of Columbia admission pending.  Practice supervised by principals of the firm.

October 28, 2005