UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CIVIL ACTION

| | |
|---|---|
| PHILLIP A. KAWA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VERIZON COMMUNICATIONS INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 04-11952 MLW |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT
PURSUANT TO LOCAL RULE 56.1**

As required by Local Rule 56.1, defendant Verizon Communications Inc. ("Verizon") submits the following response to the statement of material facts submitted by plaintiff Phillip A. Kawa in support of his motion for summary judgment.

In his Local Rule 56.1 statement, plaintiff Phillip A. Kawa makes a number of factual assertions that are irrelevant to this Court's determination of both plaintiff's cross-motion for summary judgment and Verizon's motion for summary judgment. Plaintiff also makes a number of speculative assertions that are unsupported by the record that was before the Verizon Claims Review Committee. To clarify the record, defendant responds to the entirety of plaintiff's Local Rule 56.1 statement:

1.    Defendant admits that plaintiff Phillip A. Kawa is a resident of Weymouth, Massachusetts, which in located in Norfolk County, Massachusetts. Pl.'s Compl. ¶ 1.

  2. Defendant admits that Verizon is a national corporation, and that Verizon or one of its affiliates maintains offices in Boston, Massachusetts, New York, New York, and Coppell, Texas.  Pl.'s Compl. ¶ 2.

  3. Defendant admits that plaintiff's claim arises under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and that this Court has jurisdiction to decide plaintiff's claim.  Pl.'s Compl. ¶ 3.

  4. Defendant admits that plaintiff is the beneficiary of Theresa Kawa for the purposes of the Verizon Pension Plan for New York and New England Associates. (Pl.'s Mot. Ex. L, § 2.12, at 5-6; Pl.'s Compl. ¶ 4).  Defendant also admits that Ms. Kawa passed away on February 23, 2003. (Pl.'s Compl. ¶ 4).

  5. Defendant admits that Ms. Kawa first began employment covered by a predecessor plan to the Verizon Pension Plan for New York and New England Associates (the "Verizon Plan") in September 1973. (Pl.'s Mot. Ex. E, at 109; Pl.'s Compl. ¶ 4).  Defendant also admits that Ms. Kawa began receiving short-term disability benefits from Verizon on May 5, 2002. (Pl.'s Mot. Ex. E, at 110; Pl.'s Mot. Ex. J).  Ms. Kawa was due to exhaust these benefits on May 4, 2003. (Pl.'s Mot. Ex. E, at 110; Pl.'s Mot. Ex. H, at 5).

  6. Defendant admits that on August 14, 2002, Verizon accepted Ms. Kawa for participation in the Enhanced Income Protection Plan ("EIPP"), a voluntary severance program offered by Verizon to New England-IBEW employees. (Pl.'s Mot. Ex. D).  Ms. Kawa had volunteered to participate in the EIPP on July 17, 2002. (Def.'s Mot. Summ. J. Ex. A8, at V00345).  By the terms of the acceptance, Ms. Kawa's last day on Verizon's payroll was scheduled to be August 17, 2002. (Pl.'s Mot. Ex. D).  However, under a long-standing Verizon policy, New England IBEW-member employees who accept severance under an income

protection program, but who are receiving short-term disability payments as of their scheduled severance date, remain on Verizon's active payroll until they exhaust their short-term disability benefits. (Def.'s Mot. Summ. J. Ex. A9, at V00359; Def.'s Mot. Summ. J. Ex. B., Lonero Decl., ¶ 4).

7. Defendant admits that as a non-management employee working for a plan participating company, Ms. Kawa was eligible to accrue benefits under the Verizon Plan and that, at the time of her death, Ms. Kawa was eligible to receive a service pension under the Verizon Plan. (Pl.'s Mot. Ex. L, §§ 2.27, 2.47, 3.1, 4.1, ex. IV, at 8, 15, 20-21, 90-96).

8. Defendant admits that the Verizon Plan was established pursuant to ERISA, 29 U.S.C. § 1001 *et seq.* (Pl.'s Compl. ¶ 7).

9. Defendant admits that on February 10, 2003 Ms. Kawa began her pension commencement process on Verizon's "Your Benefits Resources" website, which is administered for Verizon by Hewitt Associates. (Pl.'s Mot. Ex. A, at 1; Def.'s Mot. Summ. J. Ex. C, Fish Decl., ¶¶ 6-7; Def.'s Mot. Summ. J. Ex. C2, at V00353). To the extent that Paragraph 9 of plaintiff's Local Rule 56.1 Statement asserts otherwise, defendant does not admit the facts asserted in this Paragraph. (*See generally* Pl.'s Mot. Ex. L, Art. VI, at 39-47; Pl.'s Mot. Ex. M, at 41).

10. Defendant admits that Ms. Kawa passed away on February 23, 2003. (Pl.'s Compl. ¶ 4). Defendant does not admit that the actuarial equivalent lump sum value of Ms. Kawa's pension at the time of her death was $210,724.00. (*See generally* Pl.'s Mot. Ex. L, § 6.11(c)(2), at 45). Defendant further states that the actuarial equivalent lump sum value of Ms. Kawa's pension at the time of her death is not relevant to the resolution of plaintiff's ERISA claim.

11.     Defendant does not admit the facts stated in Paragraph 11 of plaintiff's Local Rule 56.1 Statement. Ms. Kawa died prior to commencing receipt of her pension benefit. (Pl.'s Mot. Ex. L, §§ 6.3-6.5, 6.12, at 41-42, 47; Pl.'s Mot. Ex. M, at 41; Def.'s Mot. Summ. J. Ex. C, Fish Decl., ¶¶ 9, 11, 13; Def.'s Mot. Summ. J. Ex. C2 at V00353; Def.'s Mot. Summ. J. Ex. C3, at V00354). Under the terms of the Verizon Plan, participants who die prior to commencing receipt of their pension benefit are not entitled to have a benefit paid to their estate. (Pl.'s Mot. Ex. L., §§ 7.1, 7.2, at 47-53; Pl.'s Mot. Ex. M at 43-44). However, their beneficiaries are entitled to receive a death benefit from the Verizon Plan. (*Id.*). Under Article VII of the Verizon Plan, a surviving beneficiary is entitled to receive the survivor portion of a 65-percent joint and survivor annuity based on the participant's accrued benefit, or a lump sum benefit equal to the actuarial equivalent value thereof. (Pl.'s Mot. Ex. L., §§ 7.1(c), 7.2(c), at 48-50, 51-53; Pl.'s Mot. Ex. M at 43-44).

12.     Defendant admits that following Ms. Kawa's death Verizon provided plaintiff with a notice informing plaintiff of his rights as Ms. Kawa's surviving beneficiary under the Verizon Plan. (Pl.'s Mot. Ex. I; Def.'s Mot. Summ. J. Ex. C1). The notice referred to by plaintiff in this Paragraph informed him that he was entitled to receive "a monthly 65% Joint and Survivor Annuity benefit," payable for his lifetime. (Def.'s Mot. Summ. J. Ex. C1, at V00412). This notice further informed plaintiff that he could elect to receive a benefit equal to the actuarial equivalent lump sum value of this annuity. (*Id.* at V00409). The amount of this lump sum was $136,971.83. (*Id.*; Pl.'s Mot. Ex. I).

13.     Defendant does not admit the facts stated in Paragraph 13 of plaintiff's Local Rule 56.1 Statement. The $136,971.83 sum referred to by plaintiff in Paragraph 12 and alluded to in this Paragraph reflected the actuarial equivalent lump sum value of the survivor

4

portion of the 65-percent joint and survivor annuity to which plaintiff was entitled as Ms. Kawa's beneficiary under the Verizon Plan. (Pl.'s Mot. Ex. L, § 7.1(c)(4), at 49-50; Pl.'s Mot. Ex. M, at 43-44).

    14.    Defendant admits that plaintiff filed a benefit claim with the Verizon Claims Review Unit in May 2003, and that plaintiff amended his claim in June 2003. (Pl.'s Mot. Ex. A; Pl.'s Mot. Ex. B). The Claims Review Unit denied plaintiff's benefit claim on July 29, 2003. (Pl.'s Mot. Ex. C). On August 5, 2003, plaintiff appealed this denial of his request for additional benefits to the Verizon Claims Review Committee. (Pl.'s Mot. Ex. J).

    15.    Defendant admits that the Verizon Claims Review Committee denied plaintiff's appeal of his claim for additional benefits. (Pl.'s Mot. Ex. H). The Claims Review Committee determined that Ms. Kawa did not commence receipt of her pension benefit prior to the date of her death, and further determined that Ms. Kawa was on Verizon's active payroll as of the date of her death. (*Id.*, at 2-6). Because Ms. Kawa had not commenced receipt of her pension benefit prior to the date of her death, the Claims Review Committee concluded that plaintiff was entitled to the survivor portion of a 65-percent joint and survivor annuity, unreduced for early payment. (*Id.*, at 6). The Claims Review Committee further determined that even if Ms. Kawa had separated from service prior to the date of her death, plaintiff's benefit would still be equal to the survivor portion of a 65-percent joint and survivor annuity, but would be subject to reduction for early payment. (*Id.*).

    16.    Defendant admits that on August 14, 2002, Verizon accepted Ms. Kawa for participation in the Enhanced Income Protection Plan ("EIPP"), a voluntary severance program offered by Verizon to New England-IBEW employees. (Pl.'s Mot. Ex. D). Defendant further admits that by the terms of the acceptance, Ms. Kawa's last day on Verizon's payroll was

scheduled to be August 17, 2002. (*Id.*). Defendant does not admit the facts stated in Paragraph 16 of plaintiff's Local Rule 56.1 Statement to the extent that plaintiff asserts that the Claims Review Committee incorrectly determined Ms. Kawa's payroll status at the time of her death. Under a long-standing Verizon policy, New England IBEW-member employees who accept severance under an income protection program, but who are receiving short-term disability payments as of their scheduled severance date, remain on Verizon's active payroll until they exhaust their short-term disability benefits. (Def.'s Mot. Summ. J. Ex. A9, at V00359; Def.'s Mot. Summ. J. Ex. B., Lonero Decl., ¶ 4). Furthermore, as the Claims Review Committee determined, even if Ms. Kawa had separated from service prior to the date of her death, plaintiff's benefit would still be equal to the survivor portion of a 65-percent joint and survivor annuity, but would be subject to reduction for early payment. (Pl.'s Mot. Ex. H, at 6; Pl.'s Mot. Ex. L, § 7.2(c), at 51-53; Pl.'s Mot. Ex. M, at 43-44).

17. Defendant does not admit the facts stated in Paragraph 17 of plaintiff's Local Rule 56.1 Statement. This paragraph contains a legal conclusion which is not properly included in a statement of undisputed material facts. Defendant asserts that the Verizon Claims Review Committee correctly decided plaintiff's benefit claim. (Pl.'s Mot. Ex. H).

        Respectfully submitted,

        /s/ Frederick G. Sandstrom
        Frederick G. Sandstrom (admitted *pro hac vice*)*
        COVINGTON & BURLING
        1201 Pennsylvania Avenue, N.W.
        Washington, D.C.  20004-2401
        202-662-5000
        202-778-5499 (Facsimile)

        Attorney for Defendant Verizon Communications Inc.

October 28, 2005        * Admitted to the Bar of the State of Illinois.  District of Columbia admission pending.  Practice supervised by principals of the firm.